### FORD v. COCHRAN et al.   (No. 9281.)

(Court of Civil Appeals of Texas. Ft. Worth. April 24, 1920.)

1. Appeal and error ⚖══1036(5)—Abatement as to one defendant harmless, where plaintiff not entitled to recover.

Where plaintiff was not entitled in any event to recover in an action to quiet title and for damages for slander of title, etc., the abatement of the action as to one of the parties defendant, if erroneous, was harmless.

2. Mines and minerals ⚖══78(1) — Failure to drill or pay rent within stipulated time held to terminate lease.

Where an oil and gas lease provided that it should terminate on March 1st, in event no well was commenced, unless the lessee should pay or tender to the lessor stipulated rental, time was of the essence of the contract, the lessee not being bound to drill the well or pay the rental, and a failure to either drill the well or pay the rental within the stipulated time terminates the contract.

3. Mines and minerals ⚖══78(7) — Equity rule against forfeitures held not to apply to optional lease.

In a suit to declare an optional lease terminated for nonperformance of the express conditions on which its continuation depended, the general rule that a court of equity will not enforce a forfeiture, but will often lend its aid to prevent one, does not apply.

4. Appeal and error ⚖══742(1) — Proposition held not germane to assignment of error.

In an action to quiet title to an oil lease, where the assignee of the lease assigned as error on appeal from an adverse judgment that as soon as he discovered rental was due he tendered the same, a proposition that there was no evidence showing that the well was not commenced within the time within which it was to be commenced, or the lease terminate in event of nonpayment of rent, is not germane to the assignment and cannot be considered.

5. Mines and minerals ⚖══78(3)—Notice of termination of oil lease unnecessary.

Where an oil and gas lease provided that if a well were not drilled it should terminate, save on payment of stipulated rental, notice by lessor of intention to terminate the lease is not necessary, where the well was not commenced and the rental not paid.

6. Appeal and error ⚖══742(6) — Proposition held not germane to assignment of error.

In assignment of error complaining that the court erred in finding as a matter of law that an oil lease assigned to plaintiff was void for nonpayment of rent will not be reversed, where the proposition submitted complained of lack of proof that the lease contract had not been fully complied with; the proposition not being germane to the assignment of error which questioned the findings of fact, while the assignment questioned the conclusions of law based on the finding.

Appeal from District Court, Hood County; J. B. Keith, Judge.

Suit by H. L. Ford against W. V. Cochran and others. From a judgment for defendants, the suit having been abated and dismissed as to defendant Jones, plaintiff appeals. Affirmed.

Padelford, Turner, Doyle & Bouldin, of Ft. Worth, for appellant.

Henry Zweifel, of Granbury, for appellees.

DUNKLIN, J.  On March 19, 1918, W. V. Cochran and wife, Edith Cochran, executed to W. W. Jones an oil and gas lease upon their homestead, consisting of 66½ acres of land situated in Hood county. In the lease a cash consideration of $1 was recited as paid. The lease provided for the delivery to the lessor of a royalty of one-eighth of all the oil produced from the land, and for a stated sum as a royalty from each well producing gas. The lease contained a stipulation that it should continue for a period of five years and as long thereafter as oil or gas is produced from the land. It contained this further stipulation:

"If no well is commenced on said land on or before the 1st day of March, 1919, this lease shall terminate as to both parties, unless the lessee on or before that date shall pay or tender to the lessor, or to the lessor's credit in the Continental State Bank at Tolar, Tex., or its successors, which shall continue as the depositor, regardless of changes in the ownership of said land, the sum of $66.50, which shall operate as a rental and cover the privilege of deferring the commencement of a well for 12 months from said date. In like manner and upon like payments or tenders the commencement of a well may be further deferred for like periods of the same number of months successively. And it is understood and agreed that the consideration first recited herein, the down payment, covers not only the privilege granted to the date when said first rental is payable as aforesaid, but also the lessee's option of extending that period as aforesaid, and any and all other rights conferred."

On November 14, 1918, W. W. Jones assigned the lease and all the rights and incidents thereto to H. L. Ford, who instituted this suit against W. V. Cochran and wife and W. W. Jones to remove cloud from plaintiff's title, which it was alleged had been cast

thereon by the wrongful acts of the defendants in asserting the claim that plaintiff's lease had been forfeited, and also for damages for slandering plaintiff's title to said original lease, and for a perpetual injunction restraining the defendants from further slandering said lease.

Upon a trial before the court without a jury, judgment was rendered abating the suit as to the defendant Jones on the ground that he was not a necessary or proper party, and denying plaintiff recovery against Cochran and wife. It was further adjudged that the defendants Cochran and wife be quieted in their title for possession of the land as against the claim of a lease thereon asserted by the plaintiff; such decree being upon the cross-action of those defendants for that relief. From that judgment the plaintiff has prosecuted this appeal.

The trial judge filed findings of fact and conclusions of law, one of the findings of fact being that no well was begun on the leased premises on or before March 1, 1919; and another finding of fact was that the stipulated rental of $66.50 was neither paid nor tendered to the lessors on or before that date, as required by the terms of the lease copied, and by reason thereof the lease had been forfeited and terminated. The court further found that on March 3, 1919, the lessor, Cochran, upon inquiry at the Continental State Bank at Tolar, ascertained that plaintiff had failed to deposit therein said rental, and thereupon declared the lease forfeited; that thereafter on March 7, 1919, plaintiff offered to pay the rental, but that the lessor refused to accept the tender thereof.

[1] The first assignment of error is to the action of the court in abating and dismissing the suit as to W. W. Jones. In plaintiff's petition, it was alleged that W. W. Jones had conspired and colluded with Cochran and wife to slander the title of plaintiff to the lease, and therefore that all the defendants were jointly liable to him for damages for such slander, which had depreciated the value of his lease, and had deprived him of the opportunity to sell it for an advantageous price. If there was error in the ruling of the court complained of, it was harmless, if, as found by the court, the lease was forfeited and terminated on March 1, 1919, since in that event there could not be a slander of title which plaintiff did not own.

In the answer of the defendants Cochran and wife it was alleged that, at the time of the execution by them of the lease to Jones, the description of the property was not embodied in that instrument, but was thereafter filled in with the description of the property in controversy, that the property was the homestead of Cochran and wife, and that said original lease was void, because the instrument was not signed and reacknowledged by the husband and wife after the description was filled in.

When the case was called for trial, plaintiff's counsel presented a motion for continuance in order to secure the testimony of plaintiff himself, who was unavoidably absent on account of serious illness in his family, and the testimony of R. S. Landers, who was not present, but who had promised plaintiff to be present at the time of the trial. In the motion it was alleged that plaintiff would, if present, testify that no notice was ever given to him by the lessor of a forfeiture of the lease prior to the time he tendered the rental that was due on March 1, 1919, and that the field notes in the original lease were inserted with the consent and authority of all the defendants. It was further alleged that plaintiff's testimony would be material to show the amount of damages he claimed for the slander of his title by the defendants. It was alleged that Landers would also testify that the description of the land was inserted in the lease with the consent and authority of all the defendants. It was further alleged that the defendant W. W. Jones would testify to the same fact, if he were present, and his absence was also made as one of the grounds for the continuance sought.

Error has been assigned to the refusal of the court to grant that motion, and that assignment is overruled, since the error, if any, in denying the continuance, was harmless, if the finding by the trial court of a forfeiture and termination of the lease be sustained, which we have concluded should be done, as is hereinafter shown.

[2, 3] By another assignment it is insisted that as the rental was tendered on March 7th, only six days after it was due, and prior to such tender plaintiff had not been notified by the lessors of their claim of forfeiture, the court erred in rendering a judgment of forfeiture. In other words, as we interpret the assignment, it is to the effect that time was not of the essence of the contract, and that until the lessors notified the plaintiff of their claim of forfeiture they had no right in equity to claim the same by reason of the short delay in tendering the stipulated rental. Under the terms of the lease, the drilling of a well and the payment of the rental was optional with the plaintiff as the assignee of the original lessee, and he was not bound to do either, and it is a familiar rule that time is of the essence of an optional contract. Substantially the same question as presented by this assignment was discussed and decided by this court on January 24, 1920, adversely to the contention now made by appellant here, in the case of Weiss v. Claborn (No. 9208), 219 S. W. 884. That opinion sets out our views and we refer to it and to the authorities there cited. Briefly stated, this suit is not in the true sense a suit in equity to declare a forfeiture, but is an action seeking a decree declaring an optional lease terminated for nonperformance of its express conditions upon which its con-

tinuation depended, and therefore the familiar general rule that a court of equity will not enforce a forfeiture, but will often lend its aid to prevent one, has no application. See, also, Johnson v. Portwood, 89 Tex. 235, 34 S. W. 596, 787; 1 Pom. Eq. Jur. § 455.

[4, 5] It is stated in the assignment now under discussion that the plaintiff's family had been ill for a long time, and that he had been compelled to be with them, and that, as soon as he discovered that the rental on the property was due in accordance with the original lease contract, he at once drove out in the country, hunted up the defendant, and offered to pay him the money. But there was no testimony offered to substantiate that statement. In a proposition submitted under that assignment it is stated that there was ·no evidence showing that no well was commenced on the lease prior to March 1, 1919, as found by the court. This proposition cannot be entertained, for the reason that it is wholly foreign to the assignment under which it is presented, and no other assignment is presented to that finding of fact by the trial court. The fact that there was no evidence to show that plaintiff was notified by the lessors of their intention to forfeit the lease prior to March 7, 1919, when plaintiff then offered to pay the rental, was immaterial, since the lease had already terminated according to its own provisions.

[6] Another assignment is to the effect that—

"The court erred in finding as a matter of law that said lease from the said other defendants to said Jones, and the transfer of the same by said Jones to the plaintiff, was void by reason of nonpayment of said rental before the same was tendered on the 7th day of March, 1919, and rendering final judgment accordingly."

Under this assignment a proposition is submitted complaining of the lack of proof that the lease contract had not been fully complied with in every respect. This proposition is an attack on the findings of fact, which is not germane to the assignment of error just mentioned, which is a complaint of the court's conclusion of law predicated upon its findings of fact.

For the reasons noted, all assignments of error are overruled, and the judgment is affirmed.