## JONES v. MURPHY.   (No. 6596.)

(Court of Civil Appeals of Texas. Austin. May 16, 1923. Rehearing Denied June 13, 1923.)

**1. Mines and minerals ⬞73—Ordinary lease gives lessee only option to drill; "oil and gas lease."**

The ordinary "oil and gas lease" is not, strictly speaking, a lease at all; it conveys no interest in the land and gives lessee only an option to drill and extricate the minerals if found.

**2. Mines and minerals ⬞78(1)—Lease held not to require lessee to pay future installments of "rental" extending option to drill.**

Under an oil and gas lease for a term of five years but providing that if no well is drilled by a stated date the lease should terminate as to both parties unless the lessee should pay a stated sum as a rental for twelve months from that date, and that the down payment therein mentioned covered not only the privilege granted until the first rental became payable but also lessee's option, and that the sum fixed as rental should be paid each year during the period of the lease, the amount to be paid was not, strictly speaking, a rental but simply a sum, by the payment of which the lessee acquired the right to extend his option, and the lessee was not required to make payments thereof if he elected not to extend his option.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Rental.]

Appeal from District Court, Tom Green County; C. E. Dubois, Judge.

Suit by Will C. Jones against J. G. Murphy to recover the rental preserved under an oil and gas lease. Judgment for defendant, and plaintiff appeals. Affirmed.

Autry & Sedberry, of San Angelo, for appellant.

J. A. Thomas, of San Angelo, for appellee.

### Findings of Fact.

JENKINS, J. Appellant brought this suit to recover of appellee $768, with interest thereon, which he alleged to be due as rental on 1,280 acres of land in Tom Green county, for the years 1920 and 1921.

Appellant's cause of action is based upon an oil and gas lease, which, in so far as the same is material to the issues here involved, is as follows:

"The lessor for and in consideration of $384.-00 cash in hand paid, receipt of which is hereby acknowledged, and of the covenants and agreements herein contained on the part of the lessee to be paid, kept and performed, have granted, conveyed, demised, leased and let, and by these presents do grant, convey, demise, lease and let unto the said lessee, for the sole and only purpose of mining and operating for oil and gas, etc., the following described tracts of land (describing the same). * * *

"It is agreed that this lease shall remain in force for a term of five years from this date, and as long thereafter as oil and gas, or either of them, is produced from said land by the lessee in paying quantities."

This is followed by several covenants on the part of the lessee with reference to delivering oil in tanks or pipe lines, and paying for gas. Further quoting from the lease:

"If no well be commenced on said land on or before the 26th day of December, 1919, this lease shall terminate as to both parties, unless the lessee on or before that date shall pay or tender to the lessor * * * the sum of $384.-00, which shall operate as a rental for twelve months from said date. And it is understood and agreed that the first consideration recited herein, the down payment, covers not only the privileges granted to the date when said first rental is payable as aforesaid, but also the lessee's option of extending that period as aforesaid, and any and all other rights conferred. Said $384.00 to be paid each year during the period of this lease."

The down payment was made and the sum of $384 was paid before the 26th day of December, 1919. No payment has been made by the lessee since that date. Plaintiff's petition alleged the facts above set out. A general demurrer was sustained to plaintiff's petition, and he declining to amend, the case was dismissed.

### Opinion.

[1] It is the contention of the appellant that upon the payment of the first year's lease, the lease became a binding contract for a full period of five years from the date thereof, and that appellant is entitled to recover the sum of $384 for the years 1920 and 1921, as rental on the land. This contention is plausible, but we do not think it is sound. Under the decisions in this state, it is held that a so-called oil and gas lease is not strictly speaking a lease at all. It conveys no interest in the land, nor in the oil thereon while in place, but only an option to drill and extricate oil if found. Hitson v. Gilman (Tex. Civ. App.) 220 S. W. 143; Ford v. Barton (Tex. Civ. App.) 224 S. W. 268; Bailey v. Williams (Tex. Civ. App.) 223 S. W. 311; Owens v. Corsicana Petroleum Co. (Tex. Civ. App.) 169 S. W. 194; Witherspoon v. Staley (Tex. Civ. App.) 156 S. W. 558; Pipe Line Co. v. Teel, 95 Tex. 591, 68 S. W. 979; Young v. Jones (Tex. Civ. App.) 222 S. W. 691.

[2] The down cash payment is a sufficient consideration for the option. The lessee does not bind himself to drill a well nor to pay future rentals, but only has an option to do so, and thereby continue his right to exploit the land for oil and gas. The ordinary oil lease contains a clause that the lessee may extend his option from time to time by paying the stipulated rental. There

is no such express provision in the lease here under consideration, but we think that such stipulation is implied. If this is a proper construction of the lease, then it follows that failure to pay the second year's rental forfeited the lease, and that it became void as to both parties. Ford v. Cochran (Tex. Civ. App.) 223 S. W. 1041, and cases above cited.

The word "rental" is used in this opinion as in all opinions in reference to oil leases, but strictly speaking the amount paid from time to time is not rental, but simply a sum by the payment of which the lessee acquires the right to extend his option beyond the time provided for the beginning of the drilling of a well. The word "rental," in the contract under consideration evidently had this meaning as to the first payment, in addition to the cash down payment. This is conceded by appellant. We quote from the contract as follows:

"The down payment covers not only the privileges granted to the date when said first rental is payable as aforesaid, but also the lessee's option of extending that period as aforesaid, and all other rights conferred."

His option to extend the period in which a well should be begun depended upon his payment of the so-called annual rental, and we think, applied only when such sum became payable at the option of the lessee. It will be observed that the clause "said $384.-00 to be paid each year during the period of this lease" does not provide that it shall be paid for five years, which was the period of the lease, unless the same was forfeited. The language "the down payment" covers not only the privileges granted to the date when said first rental is payable as aforesaid, but also the lessee's option of extending that period as aforesaid. The use of the word "period" we feel implies that the time for which said lease might remain in force was uncertain, by reason of the fact that the lease might be forfeited for failure to make the annual payments; and the use of the word "period," in the clause, "said $384.00 to be paid each year during the period of this lease," is, we think, equivalent to the words "life of this lease," and that the life of the lease depended upon the exercise of the option by the lessee to pay $384 on December 26th of each succeeding year for five years, if no well should be begun within that time. Such being our construction of the lease here involved, we hold that the trial court did not err in sustaining the general demurrer to appellant's petition.

Appellant cites, in support of his contention, Grubb v. McAfee, 109 Tex. 527, 212 S. W. 464. In that case the lessee had complied with his express contract to drill a well which he subsequently abandoned. The court held that there was an implied contract on the part of the lessee to prosecute developments with due diligence; that this implied contract was a covenant and not a condition; and that the lease would not be forfeited for the failure to keep a covenant. In the instant case, the agreement to pay rental was a condition upon which depended the life of the lease.

The case of Wall v. Texlouana Co. (Tex. Civ. App.) 241 S. W. 521, cited by appellant, was not an oil lease, but the sale of a lease for which the purchaser agreed to pay a certain sum. He paid a part of that sum, but failed and refused to pay the balance. Upon being sued for such balance, he contended that the contract was forfeited by reason of his failure to pay, and that he was therefore not liable. The court held that this was simply a contract of sale, for which he had agreed to pay a certain amount, and that his failure to pay the same did not forfeit his contract to purchase.

Finding no error of record, the judgment of the trial court is affirmed.

Affirmed.