## DAVIS v. BUSSEY. (No. 3431.)

Court of Civil Appeals of Texas. Texarkana. Oct. 4, 1927.

Rehearing Denied Oct. 20, 1927.

Mines and minerals ⬦78(2)—Lessee in oil and gas lease need not pay future rental installments after forfeiture for failure to pay stipulated renewal rental.

Under an oil and gas lease providing that, if well had not been commenced on or before certain date, lease should terminate, unless lessee paid stipulated rental, which should defer commencement of well for another stated period, the lessee was not required to make future rental payments after having failed to pay first specified payment which thereby forfeited the lease according to its provisions.

Appeal from District Court, Panola County; R. T. Brown, Judge.

Suit by C. R. Davis against J. B. Bussey. Judgment for defendant, and plaintiff appeals. Affirmed.

H. N. Nelson, of Carthage, for appellant. Sanders & Sanders, of Center, for appellee.

WILLSON, C. J. By an instrument in writing dated January 27, 1920, appellant leased 707 acres of land to appellee, for a term of five years, "for the sole and only purpose of mining and operating for oil and gas." By the terms of the lease appellee was to pay appellant $12.50 per acre for all (which turned out to be 598 acres) of the 707 acres appellant showed "a good and indefeasible title to." See Busey v. Davis, 276 S. W. 779. The lease contained stipulations as follows:

"If no well be commenced on said land on or before the 27th day of January, 1921, this lease shall terminate as to both parties, unless the lessee on or before that date shall pay or tender to the lessor * * * the sum of $707, which shall operate as a rental and cover the privileges of deferring the commencement of a well for 12 months from said date. In like manner and upon like payments or tenders the commencement of a well may be further deferred for like reasons (periods?) for the same number of months successively. And it is understood and agreed that the consideration first recited herein, the down payment (of $12.50 per acre), covers not only the privileges granted to the date when said first rental is payable as aforesaid, but also the lessee's option of extending that period as aforesaid, and any and all other rights conferred."

The trial court found that appellee did not on or before said January 27, 1921, commence to drill a well on the land, and did not on or before that time pay, or offer to pay, any rental thereon; that by an instrument dated March 29, 1923, and duly recorded that day, appellee reassigned the lease to appellant; that the latter never before the date of such reassignment made any demand on the former to pay the rentals, or any of same, sued for; that appellant had several opportunities to lease the land to other parties after January 27, 1923, and before January 27, 1923, and refused to do so because of his lease to appellee. The court further found that on May 18, 1920, appellant commenced suit against appellee to recover the $12.50 an acre the latter had agreed to pay for the lease, and by a judgment rendered April 24, 1923, recovered as prayed for in that suit; that in his answer to said suit appellee disclaimed any interest in the lease, and defended against the recovery sought therein on the ground alone that appellee did not have title to any of the land. The instant suit, commenced February 9, 1926, was to recover of appellee rentals of $598 a year, aggregating $1,794, for the years 1921, 1922, and 1923. Appellee's contention at the trial in the court below was that it was optional with him to commence drilling a well and to pay rentals, and that he incurred no liability to appellant when he failed to do either. Sustaining the contention, the trial court rendered judgment that appellant take nothing by his suit and in appellee's favor for costs.

### After Stating the Case as Above.

It appears in the record that the conclusion of the trial court that appellant was

not entitled to recover as he sought to was on the view that it was optional with appellee to pay rentals, and that, when he failed to pay the one specified as payable January 27, 1921, "the lease by its terms (quoting) became absolutely forfeited as to both parties." Appellant insists this was error—that it was not optional with appellee to pay the rentals, but that he was legally bound to pay same—and cites decisions of courts of other states than this one which seem to support his contention. Whether they do or not we will not determine, for, if we concluded they did, we would not follow them, for we think the ruling of the trial court was in harmony with decisions we approve of courts of 'this state. Jones v. Murphy (Tex. Civ. App.) 253 S. W. 634; Ford v. Cochran (Tex. Civ. App.) 223 S. W. 1041; McLaughlin v. Brock (Tex. Civ. App.) 225 S. W. 575; Weiss v. Claborn (Tex. Civ. App.) 219 S. W. 884; Simms Oil Co. v. Colquitt (Tex. Com. App.) 296 S. W. 491; Humble Oil & Refining Co. v. Davis (Tex. Com. App.) 296 S. W. 285.

In the case first cited the contract contained a stipulation like the one in question here. The lessee paid the first rental specified but did not pay the second one. The suit was by the lessor to recover the second and other rentals. In affirming a judgment sustaining a general demurrer to the lessor's petition (in which the stipulation was set out) and dismissing the suit. The Court of Civil Appeals said the payment stipulated for was not, "strictly speaking," 'rental, "but simply a sum by the payment of which the lessee acquires the right to extend his option beyond the time provided for the beginning of the drilling of a well," and added: "The agreement to pay rental was a condition upon which depended the life of the lease;" and, further, that "failure to pay the second year's rental forfeited the lease and that it became void as to both parties," citing Ford v. Cochran, supra, where the court said, referring to a like stipulation:

"Under the terms of the lease, the drilling of a well and the payment of the rental was optional with the plaintiff as the assignee of the original lessee, and he was not bound to do either."

298 S.W.—42

In McLaughlin v. Brock, 225 S. W. 577, which was like Ford v. Cochran, the Court of Civil Appeals said:

"The lessee did not bind himself to pay said rental, but the payment of the same by him as a condition for the continuation of the lease was entirely optional with him, and having failed to pay the same the lease was terminated ipso facto according to the very terms of the stipulation quoted."

In Humble Oil & Refining Co. v. Davis, 296 S. W. 287, the Commission of Appeals, construing a stipulation like the one in question here, said:

"When the lessees failed, as they did, on or before September 4, 1923, to drill a well or make a payment of $30 in lieu of said drilling, the lease, ipso facto, as per its express terms, determined and came to an end. This clause was not a forfeiture provision. It was a limitation upon the term or period of the grant, and, upon the failure to drill or pay as aforesaid, the estate created by the lease ceased and reverted to the lessors."

The judgment is affirmed.

## On Appellant's Motion for Rehearing.

Notwithstanding appellee never commenced drilling a well on the land, and never paid anything as rental thereon, and notwithstanding the provision in the stipulation set out in the opinion of this court heretofore filed that the lease should "terminate as to both parties," if the drilling of a well on the land was not commenced on or before January 27, 1921, unless the lessee on or before that date paid the rental specified, appellant insists in his motion, as he did in his brief when the record was first before us, that he nevertheless had a right to demand and receive such rental of appellee, and that it was error to hold he had "forfeited" such right. This court did not so hold. What it held was that appellant had no such right to forfeit—that appellee was not bound to pay the rental; and, if he chose not to pay it, as he did, the contract thereupon terminated as to both parties as provided therein, so that appellee had no right thereafter, by force of that contract, to pay the rental, and appellant had no right thereafter, by force thereof, to demand and receive same.

The motion is overruled.