Senator Tim PHILPOT and Senator David Williams, in their capacity as members of the Kentucky State Senate, Appellants,

v.

Paul PATTON, in his capacity as Lt. Governor of Kentucky and President of the Kentucky State Senate; et al., Appellees.

No. 92–SC–261–I.

Supreme Court of Kentucky.

Sept. 24, 1992.

Senator Tim Philpot, Senator David Williams, Frankfort, for appellants.

Chris Gorman, Atty. Gen., Thomas J. Hellmann, Asst. Atty. Gen., Frankfort, for appellees.

LEIBSON, Justice.

This suit originated with a Complaint filed in Franklin Circuit Court on March 26, 1992, by two Kentucky State Senators against the presiding officer of the Kentucky State Senate, which was then in session, and, by name, all of the remaining members of that body, in their official capacity.

The Complaint stated as a cause of action: (1) that the Senate Judiciary Committee had refused and failed to report within a reasonable time, three bills properly filed and referred to that Committee; (2) that Senators Philpot and Williams were empowered by Section 46 of the Kentucky Constitution to have these bills "called up"

and "considered as though they had been reported; and (3) that their constitutional rights as members of the Senate to a proper consideration of these bills has been thwarted by Senate Rule 48. Senate Rule 48 required "a majority of the members elected to the Senate [to] concur" in a discharge petition before "the bill shall be considered as though it had been regularly reported."

The Complaint sought declaratory relief through an order of court declaring Senate Rule 48 "unconstitutional to the extent that it does not comply with Section 46 of the Constitution," and injunctive relief in the form of a court order to the Clerk and members of the Senate that these bills be placed "on the Orders of the Day for the third time and move upon said bills for passage, or in the alternative, immediately be placed on the Orders of the Day for passage, called up and voted upon on their merits."

The final judgment in the trial court denied injunctive relief, declared the members of the Senate immune from suit regarding their official actions and also immune from judicial interference with their internal operations, and, finally, decided on the merits that "Senate Rule 48 of the 1992 Kentucky General Assembly is not violative of Section 46 of the Kentucky Constitution but is a rule of procedure within Section 46 as contemplated by Section 39 of the Kentucky Constitution."

On appeal the appellants have restructured their claim for relief, both in their brief and in oral argument, to conform more specifically to the constitutional language, which states in Kentucky Constitution Section 46, in pertinent part:

"No bill shall be considered for final passage unless the same has been reported by a Committee and printed for the use of the members.... But whenever a Committee refuses or fails to report a bill submitted to it in a reasonable time, the same may be called up by any member, and be considered in the same manner it would have been considered if it had been reported."

Under Senate Rule 56, which stands unchallenged in these proceedings, no further action was to be taken on a bill reported from Committee unfavorably or without the expression of opinion unless a majority of the members of the Senate concur therein. At this stage of the present case Senators Philpot and Williams seek only the right to have their bills called to the floor and placed in the same posture as a bill reported from Committee unfavorably or without the expression of opinion.

Since Kentucky Constitution Section 42 specifies that "no regular session shall extend beyond April 15," both the Senators' bills and the Senate Rules for the regular session were within two weeks of expiration when the trial court entered its judgment. Thus, in addition to appealing, the Senators sought extraordinary relief, first in the Court of Appeals pursuant to CR 65.07 and 65.08, and when that was denied, in this Court pursuant to CR 65.09(3) and 76.33. Chief Justice Robert Stephens heard and denied the request for emergency relief under CR 76.33, and the legislative session expired before the entire Court could undertake review under CR 65.09. A hearing was set before the full Court on this Motion on May 5, 1992, and, in the interim, the Court of Appeals recommended, and we granted, transfer of the direct appeal from the trial court's judgment. Briefs were filed and oral argument was held on both the CR 65.09 motion and the direct appeal on the date specified.

■ The threshold question is whether the controversy over Senate Rule 48 is moot because the legislative session has expired. Appellees argue:

"Since a legislative body 'ceases to exist at the moment of its adjournment,' *Legislative Research Com'n v. Brown*, Ky., 664 S.W.2d 907, 915 (1984), the rules of a particular session of that body must necessarily cease to exist at that same moment."

The three bills in question expired in the same manner.

Two conditions are necessary to revive this controversy: (1) Senate Rule 48 must be reenacted at the next legislative session

in the same form, calling for a majority vote in favor of a discharge petition before a member of the Senate can call to the floor a bill he believes is being unreasonably withheld in Committee; and (2) these bills must be reintroduced or other bills introduced before the Senate at the next regular session of the General Assembly. Even then, for this case to be in the same posture as it is now, it will be necessary for the Senate Judiciary Committee or other Senate Committee to again refuse to report, or fail to report, the bills from Committee beyond the Committee's last meeting. Accordingly, the appellants point to the substantial likelihood that even if their complaints here are legally justified, when reintroduced at the next session of the Senate, their bills will once again be buried in Committee, they will once again be denied, without recourse, their constitutional right to call such bills to the floor where they can move that they be put on the calendar.

Appellants claim, and appellees concede, that Senate Rule 48, or one sufficiently similar to accomplish the same purpose, has been reenacted by the Senate as part of its rules at every session for many years. Thus appellants take the position that, while the controversy over the particular bills the appellants wished to call up before the Senate is now moot, the merits of the underlying controversy are not similarly moot. Given the strong probability that the same rule will be enacted for the next session, and the strong likelihood that the present situation will be repeated with another bill at the next legislative session, and the reasonable certainty that there will once again be no way to address the grievance in timely fashion which would permit a bill buried in Committee to come to the floor during the session, appellants claim they have a constitutional right but are left without a remedy unless we review the merits of this case.

■ In *Lexington Herald–Leader Co., Inc. v. Meigs*, Ky., 660 S.W.2d 658 (1983), we addressed the merits of a controversy that was moot, under "the standard, 'capable of repetition, yet evading review.'" *Id.*

at 661. We did so because the case involved "important questions ... related to public access, and more particularly news media access, to criminal trials," more specifically, voir dire examination. By its nature voir dire examination takes place over a brief span, usually a day or two, and if the public or press is excluded from all or any part of such examination and questions the constitutionality of such exclusion, the trial will progress past the point where relief is possible and before an appellate court can consider the merits of the controversy. Whether to apply the exception to the rule that a case will be dismissed when the issues are moot which we have recognized when the issues are "capable of repetition, yet evading review," involves more than just an important public question that is difficult to review. Our courts do not function to give advisory opinions, even on important public issues, unless there is an actual case in controversy. The decision whether to apply the exception to the mootness doctrine basically involves two questions: whether (1) the "challenged action is too short in duration to be fully litigated prior to its cessation or expiration and [2] there is a reasonable expectation that the same complaining party would be subject to the same action again." *In re Commerce Oil Co.*, 847 F.2d 291, 293 (6th Cir. 1988).

■ We have concluded that this case does involve important public questions regarding the constitutionality of Senate Rule 48 in its most recent form. Further, we disagree with the trial court's decision that such a controversy is nonjusticiable because the Senate is immune from suit or because members of the General Assembly are immune from suit in their official capacity, or because it violates the separation of powers principle for the judiciary to decide that the General Assembly, or either of its bodies, has acted or failed to act in a constitutional manner. Our decision in *Rose v. Council for Better Education, Inc.*, Ky., 790 S.W.2d 186 (1989) puts these arguments to rest. *Rose* held the General Assembly is not immune from suit in a declaratory judgment action to decide whether the General Assembly has failed

to carry out a constitutional mandate and that members of the General Assembly are not immune from declaratory relief of this nature simply because they are acting in their official capacity. *Rose* held a declaratory judgment over constitutionality is not limited to deciding the constitutionality of statutes, but extends to failure to enact statutes complying with constitutional mandate. While it would be a violation of the separation of powers doctrine in the Kentucky Constitution, Sections 27 and 28, for our Court to tell the General Assembly what to do, i.e., what system or rules to enact, it is our constitutional responsibility to tell them whether the system in place complies with or violates a constitutional mandate, and, if it violates the constitutional mandate, to tell them what is the constitutional "minimum." But by its very nature, judicial exercise of this responsibility requires great restraint.

Based upon a history of Rule 48, appellants argue it will be reenacted. As predictable as that assumption might seem, it does not have the same certainty as the situation with which we were confronted in *Lexington Herald–Leader Co. v. Meigs, supra.* Nor is there the same degree of certainty that two years from now these appellants will have bills similar to the ones presently at issue buried in committee. Thus we hesitate to address the merits of this controversy at this time.

The difference between this case and the *Rose* case is *Rose* involved a network of statutes, permanent and continuing in nature, whereas the present case involves a network of rules which died with the end of the session and must be revived at the next. The present controversy in and of itself has revived the question of the constitutionality of Rule 48, and thus has added a new ingredient to the considerations underlying the reenactment of Senate Rule 48.

A middle course, and the better one, is to dismiss this action as moot, without prejudice, and await the Rules which will be enacted at the next session of the General Assembly, and the introduction of bills which these appellants have reason to believe will be buried in Committee. We agree with these appellants that if the courts require full development of a legislative history to the point where the last meeting of the Judiciary Committee (or other Committee that might be involved) has passed by with the bill still unreported, the appellants are placed in an impossible situation. Thus we declare as the law of this case, and as precedent for the next, that if the Senate reenacts this Rule, or a similar Rule, and these or similarly situated appellants wish to challenge its constitutionality, the factual basis provided by the circumstances of this case will be relevant evidence illustrating the way this Rule functions, admissible as a record of historical fact and as an evidentiary basis for challenging the constitutionality of this Rule.

We express no opinion about the constitutionality of this Rule. We do not address, nor do we decide, whether that portion of the final judgment of the trial court holding that "Senate Rule 48 of the 1992 General Assembly is not violative of Section 46 of the Kentucky Constitution but is a rule of procedure within Section 46 as contemplated by Section 39 of the Kentucky Constitution," is correct or erroneous. We dismiss the within action without prejudice to a future decision on the merits in this controversy.

STEPHENS, C.J., and COMBS, LAMBERT, REYNOLDS and SPAIN, JJ., concur.

WINTERSHEIMER, J., dissents by separate opinion.

WINTERSHEIMER, Justice, dissenting.

I must respectfully dissent from the majority opinion because it is internally contradictory and externally confusing, and accordingly I am unable to join the reasoning of the majority.

In one paragraph the majority opinion announces that "We hesitate to address the merits of this controversy at this time." Later the opinion intones that the majority "Intends to dismiss the action as moot without prejudice and await the rules which will be enacted at the next session of the General Assembly." Finally the major-

ity opinion states that "As the law of the case that if the Senate reenacts this rule or similar rule, the circumstances of this case will be relevant as an evidentiary basis for challenging the constitutionality of this rule." Earlier the opinion declared that the Senate rule had expired along with the legislative session on April 15.

In addition to being confusing, the opinion is rather foreboding and could be taken as a threat against the Senate of Kentucky that if it enacts a similar rule and if a lawsuit is filed, grave consequences will follow in regard to the merits in "this controversy." Which controversy? What is the Senate to do? It is disappointing to see the majority opinion adopt avoidance and actually embrace evasion in an effort to duck the entire issue.

It is difficult, if not impossible, to reconcile the reasoning of the majority opinion with *Rose v. Council on Better Education,* Ky., 790 S.W.2d 186 (1989). That case determined that the General Assembly is not immune from suit in a declaratory judgment action to decide whether their method of operation violates a constitutional requirement.

*Rose, supra,* held that a declaratory judgment over constitutionality is not limited to deciding the constitutionality of statutes but extends to the failure to enact statutes or rules complying with the Constitution. Consequently, the mere fact that Senate Rule 48 died at the end of the 1992 term does not moot the controversy over a legislative system with a hundred year history which has been reenacted verbatim ever since 1979. Obviously such a rule falls squarely within the parameters of an issue of public importance, capable of repetition yet evading review. *Lexington Herald Leader Co., Inc. v. Meigs,* Ky., 660 S.W.2d 658 (1983).

The controversy over the specific legislation that the two senators wish to call before the full Senate may now be moot, but the merits of the underlying controversy which relate to the method of bringing matters before the full Senate is not moot. Against a background of a hundred years of history, there can only be some doubt that a similar rule will be enacted in the next session, and there is a strong probability that the situation will repeat with another or different bill at the next legislative session. There is reasonable certainty that there will once again be no way to address the grievance of the minority in a timely fashion that will permit a bill buried or bottlenecked in committee to come to the floor during the session. Certainly the minority members have a constitutional right but are without remedy unless we review the merits of the case.

The method chosen by the majority opinion to redress this situation has ominous overtones. In effect it holds a sword over the Senate which tells the legislative body that if you enact the same procedure again, then this Court will consider any new lawsuit on the merits. I find this posture totally inappropriate.

I firmly believe that we cannot tell either house of the General Assembly what system or rules it can enact. However, it is our responsibility to decide in a proper case whether rules or procedures comply with the Constitution of Kentucky. It is the function of the judicial branch to resolve conflicts and to apply and interpret the laws. This dispute is between members of the legislature, specifically the Senate, and not a controversy between the legislative branch and the judicial branch. The legislative branch enacts statutes, but if any person is aggrieved and believes there is a conflict between the Constitution and the statutory law, the courts have an absolute responsibility to consider the matter and to ascertain whether the statutes or rules in question are constitutional or otherwise.

This case is not moot and it presents a situation that is capable of repetition yet evading review.