LEXINGTON–FAYETTE URBAN COUNTY GOVERNMENT; Jim Gray; Linda Gorton; Chuck Ellinger; Andrea James; Tom Blues; Dick Decamp; Julian Beard; David Stevens; Kevin Stinett; K.C. Crosbie; George Myers; Jay McChord; Don Blevins; Richard Moloney; and Ed Lane, Appellants,

v.

LEXHL, LP, d/b/a the Lexington Herald–Leader; and Peter Baniak, Appellees.

No. 2008–CA–002145–MR.

Court of Appeals of Kentucky.

Nov. 13, 2009.

Rehearing Denied June 30, 2010.

---

332

Rochelle E. Boland, Leslye M. Bowman, Lexington, KY, for appellants.

Thomas W. Miller, Lexington, KY, for appellees.

Before STUMBO, THOMPSON, and WINE, Judges.

## OPINION

WINE, Judge.

The Lexington–Fayette Urban County Government ("LFUCG") appeals from a summary judgment entered by the Fayette Circuit Court which dismissed its declaratory judgment against Lexington H–L Services, Inc., d/b/a Lexington Herald Leader ("Herald–Leader"). The LFUCG sought a declaration that the litigation exception to the Open Meetings Act allows it to close council meetings in order to answer requests for information propounded by administrative agencies. The trial court concluded that the matter was moot because the underlying action was no longer pending before the agency. We agree.

Furthermore, the LFUCG has not shown that this issue is capable of repetition which would allow review. Hence, we affirm the trial court's dismissal of the action as moot.

The underlying facts of this action are not in dispute. On March 30, 2007, Kentucky American Water Company ("Kentucky American") filed an application with the Public Service Commission ("PSC") for a Certificate of Convenience and Necessity. Among other things, Kentucky American sought authorization for the construction of a new pumping station and water treatment facility on the Kentucky River. In April 2007, the LFUCG sought and received permission from the PSC to participate in the application process.

As part of that process, the PSC directed the LFUCG to provide it with answers to specific requests for information. The PSC issued the request on December 21, 2007, and directed that the LFUCG provide the responses no later than January 9, 2008. The LFUCG Council scheduled a closed "work session" for January 8, 2008, to discuss and prepare responses to the PSC's request for information. Upon learning of the scheduled meeting, the Herald–Leader filed a complaint alleging a violation of the Open Meetings Act, and seeking injunctive relief to prevent the LFUCG Council from closing the meeting.

On January 8, 2008, the trial court entered a temporary injunction which prohibited the LFUCG Council from closing the scheduled meeting "or any other meeting concerning the LFUCG's responses to the PSC's requests for information and the Council's position regarding the Kentucky American Application." On February 27, 2008, the LFUCG filed an answer and counterclaim seeking dismissal of the injunction and declaratory relief. The

LFUCG argued that the "litigation exception" to the Open Meetings Act applied to administrative proceedings such as the PSC action. Citing Kentucky Revised Statute ("KRS") 61.810(1)(c). The LFUCG followed its answer and counterclaim with a motion for summary judgment. The Herald–Leader filed a cross motion for summary judgment.[1] In addition to contesting the merits of LFUCG's arguments, the Herald–Leader also argued that the matter was now moot because the PSC had ruled on Kentucky American's application.

After considering the briefs and arguments of counsel, the trial court granted the Herald–Leader's motion to dismiss. In an order entered on September 24, 2008, the court dissolved the temporary injunction and dismissed the action without addressing the merits of the LFUCG's claim. The LFUCG now appeals.

As an initial matter, the LFUCG argues that this matter is not moot even though the underlying application before the PSC has been resolved. In order to obtain a declaration of rights, there must exist a real or justiciable controversy involving specific rights of particular parties. KRS 418.040; see also Veith v. City of Louisville, 355 S.W.2d 295 (Ky.1962). Proceedings for a declaratory judgment must not merely seek advisory answers to abstract questions. Mammoth Medical, Inc. v. Bunnell, 265 S.W.3d 205, 209 (Ky. 2008).

The LFUCG concedes that its claim for declaratory relief is technically moot since the underlying claim before the PSC is no longer pending and it is no longer required to submit answers to the agency's requests for information. Never-

---

1. During the hearing on September 24, 2008, the Herald–Leader's oral motion to amend the summary judgment motion to a motion to dismiss was granted.

theless, the LFUCG contends that its claim for relief under an exception which allows review when the moot claim is "capable of repetition, yet evading review." *Philpot v. Patton*, 837 S.W.2d 491, 493 (Ky.1992). "The decision whether to apply the exception to the mootness doctrine basically involves two questions: whether (1) the 'challenged action is too short in duration to be fully litigated prior to its cessation or expiration and [2] there is a reasonable expectation that same complaining party would be subject to the same action again.'" *Id.*

On the first element, the LFUCG correctly notes that the Herald–Leader filed its request for a temporary injunction on January 8, 2008—one day before the LFUCG's responses were due to the PSC and the same day LFUCG had scheduled the closed hearing. Consequently, the trial court was unable to fully litigate the merits of challenged action. But it does not appear clear that the issue is inherently evasive of review. While this particular controversy had passed after the response deadline had passed, we are not entirely convinced that the LFUCG made a timely pursuit of its claim for declaratory judgment on this matter.

Moreover, the LFUCG has not shown that the courts should address the issue because of the likelihood of repetition. In addressing this element, Kentucky courts have focused on the probability of the same controversy arising again. In *Lexington Herald–Leader Co., Inc. v. Meigs*, 660 S.W.2d 658 (Ky.1983), the matter involved a trial court's closure of *voir dire* proceedings in a criminal prosecution involving the death penalty. The Kentucky Supreme Court recognized that individual criminal trials are typically of a short duration, but the trial courts are faced with death penalty actions on a regular basis. "The problem of when to hold individual

*voir dire* in such cases, together with the important questions this raises related to public access, and more particularly news media access, to criminal trials, will likewise be with us." *Id.* at 661. Thus, the Supreme Court addressed the merits of the claim even though the particular criminal prosecution had concluded. *See e.g. Fletcher v. Commonwealth*, 163 S.W.3d 852 (Ky.2005) (Supreme Court addressed constitutionality of public services continuation plan where same situation had recurred three times in past ten years); and *Woods v. Commonwealth*, 142 S.W.3d 24 (Ky.2004) (Supreme Court addressed authority of judicially-appointed guardian to make health care decisions on behalf of the patient even though patient had already died).

But in *Philpot v. Patton, supra*, the Kentucky Supreme Court declined to address the constitutionality of a Senate Rule after the legislature had adjourned. Since the rule expired at the end of the session, the Court noted that a similar rule would have to be re-enacted at the next session. In addition, the new rule would have to be invoked regarding particular legislation before a justiciable controversy could arise. Under such circumstances, the Supreme Court concluded that it could not address the constitutional question in the absence of a specific controversy regarding the application of the rule. *Id.* at 494. *See also Commonwealth v. Hughes*, 873 S.W.2d 828 (Ky.1994) (Supreme Court declined to address controversy regarding confidentiality of communications between parishioners and church would not be addressed where there was no reasonable expectation that Commonwealth would again be subject to denial of the discovery materials sought).

In this case, the LFUCG is seeking a blanket declaration that the litigation exception applies to all administrative pro-

ceedings. However, the Open Meetings Act envisions that this exception would apply to matters commonly inherent to litigation, such as preparation, strategy or tactics. *Floyd County Board of Education v. Ratliff,* 955 S.W.2d 921, 924 (Ky. 1997). Administrative proceedings, on the other hand, encompass a broad range of subjects and procedures. The LFUCG notes that the statutory framework for administrative proceedings in KRS Chapter 13B mirrors the same principles of adversarial due process as those practiced in trial courts. However, Chapter 13B expressly excludes many administrative proceedings, including utility hearings conducted under the authority of the PSC. KRS 13B.020(3)(d)5b. Given the wide range of administrative proceedings and procedures, we could not determine the broad application of the litigation exception without considerable speculation.

Likewise, the application of the litigation exception to proceedings before the PSC presents many variables. The Open Meetings Act requires that all meetings of a quorum of a public agency "at which any public business is discussed or at which any action is taken by the agency, shall be public meetings, open to the public at all times ..." KRS 61.810(1). The Act sets out specific exceptions to this rule, including "[d]iscussions of proposed or pending litigation against or on behalf of the public agency". KRS 61.810(1)(c). These exceptions must be strictly construed. *Floyd County Board of Education v. Ratliff, supra* at 924.

The current case involves a local government's intervention into a utility's petition for a certificate of need and necessity before the PSC. A regulated utility must obtain the certificate prior to commencing construction on a new facility. KRS 278.020(1). Any interested party may request to intervene in the petition and participate in the proceedings. KRS 278.020(8). However, an "interested" party need not be an adversarial party. Furthermore, the focus of the proceeding is limited to a determination of whether there is a need and demand for the public service in question. *See Public Service Commission v. City of Paris,* 299 S.W.2d 811, 816 (Ky.1957). Finally, the PSC may apply different procedures for different types of applications.

Given the unique and specific nature of this controversy, the LFUCG has not shown that a similarly-situated party will be subject to the same action again or even that this precise factual scenario could be duplicated. Consequently, the LFUCG's declaratory judgment action must be dismissed until this situation is again presented. And if the same situation arises again, we would urge the parties and the trial court to expedite the proceedings on this issue.

Accordingly, the judgment of the Fayette Circuit Court is affirmed.

ALL CONCUR.