# IMPORTANT NOTICE
# NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT.  OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

# $\mathfrak{Supreme\ Court\ of\ Kentucky}$

## 2016-SC-000219-DG

BRADLEY RIFFE                                            APPELLANT

            ON REVIEW FROM COURT OF APPEALS
V.                 CASE NO. 2014-CA-001104
            FAYETTE CIRCUIT COURT NO. 13-T-19518

COMMONWEALTH OF KENTUCKY                        APPELLEE

## MEMORANDUM OPINION OF THE COURT AND ORDER DISMISSING APPEAL

### **DISMISSING**

Facing charges of third-offense driving under the influence of alcohol, Bradley Riffe refused to submit to the statutorily required alcohol concentration test. A district court jury eventually acquitted Riffe of the DUI charge, and 19 days after the judgment of acquittal, the Commonwealth moved the trial court to hold a license-suspension hearing based upon Riffe's initial refusal to take the test. The trial court held the requested hearing and imposed the maximum license suspension allowed by law, 36 months. On appeal from this license suspension, Riffe argued that the district court had lost its jurisdiction over his case because the Commonwealth did not timely file its motion for license

suspension. Both the circuit court and the Court of Appeals disagreed with Riffe and affirmed the district court's suspension ruling. We conclude that today's case is moot.

## I.   FACTUAL AND PROCEDURAL BACKGROUND.

On August 31, 2013, a police officer stopped Riffe for speeding. Suspecting Riffe of DUI, the officer administered a field sobriety test to Riffe, which he failed. The officer placed Riffe under arrest and transported him to the detention center. When requested to submit to an Intoxilyzer test, Riffe refused the test on advice of counsel. He was charged with speeding, having no or expired registration plates, failing to maintain the required proof of insurance-first offense, excessive window tinting, and DUI-third offense. In conformity with KRS 189A.200(1)(a), at Riffe's arraignment on September 3, 2013, the trial court ordered a pretrial suspension of Riffe's driver's license for his refusal to submit to the alcohol-concentration test.

Riffe's case proceeded to trial on October 16, 2013. The jury convicted him of speeding but acquitted him of the DUI charge. He pleaded guilty to the charges regarding expired plates and failure to have proof of insurance, and the excessive window tinting charge merged into the other charges.

Immediately following his acquittal and the discharge of the jury, Riffe's counsel orally moved the trial court to vacate the pretrial suspension of Riffe's driver's license. A discussion ensued between the trial court and counsel concerning the operation of the pretrial-suspension statute as applied to Riffe's case. The trial court concluded the discussion by denying Riffe's request to lift

2

the suspension, directing counsel to "find me some law" on the issue and to "file something."

The Commonwealth filed a motion 19 days post judgment, asking the district court to hold a license-suspension hearing under KRS 189A.107(2). At the hearing, Riffe stipulated that he had two previous DUIs within a five-year period and he did not dispute that he refused the Intoxilyzer test. Riffe did not contest the trial court's jurisdiction over his case. Instead, he advocated for the minimum statutory suspension, 24 months, while the Commonwealth sought the maximum suspension of 36 months. The trial court granted the Commonwealth's motion to suspend Riffe's license for 36 months, expiring in September of 2016. Riffe appealed to the circuit court from the order of suspension.

The circuit court reviewed the district court's ruling and affirmed. Riffe argued at the circuit court level that when a defendant, who has refused the alcohol-concentration test, is acquitted of DUI charges, the Commonwealth must move simultaneously with the entry of judgment to suspend the defendant's driver's license. Riffe asserted that in this case, because of the Commonwealth's failure to do so, the trial court lost jurisdiction over his case. The circuit court held that the argument was without merit.

The Court of Appeals granted Riffe's motion for discretionary review and affirmed the 36-month suspension. Once again, Riffe advanced the position that the district court lacked jurisdiction to decide the case. The Court of Appeals did not address the issue in its analysis, reasoning the issue involved particular-case jurisdiction, which Riffe waived.

3

## II. ANALYSIS

We are asked to interpret KRS 189A.107(2), and if we were to do so, it would call for statutory interpretation and a de novo standard of review.[1] Instead, we are constrained to conclude the case is moot because Riffe's suspension expired no later than September of 2016.

This Court indulged in an in-depth analysis of the mootness doctrine in *Morgan v. Getter.*[2] While we found an exception to the mootness doctrine in that case, it provides a thorough examination of the jurisprudential approach taken in Kentucky with regard to the mootness doctrine.

As we noted in *Getter,* "[a] 'moot case' is one which seeks to get a judgment ... upon some matter which, when rendered, for any reason, cannot have any practical legal effect upon a then existing controversy."[3] That is the case before us today. Riffe was given a 36-month suspension, which he asserts was improper because the district court did not have jurisdiction to issue such a suspension. But that suspension expired well before our review. Even if we were to agree with Riffe, it would have no effect, because he is no longer restrained by a suspended license. It is a longstanding practice that "where, pending appeal, an event occurs which makes a determination of the question unnecessary or which would render the judgment that might be pronounced

---

[1] *Saint Joseph Hospital v. Frye,* 415 S.W.3d 631, 632 (Ky. 2013).

[2] *Morgan v. Getter,* 441 S.W.3d 94 (Ky. 2014).

[3] *Id.* (*citing Benton v. Clay,* 223 S.W. 1041 (Ky. 1921)).

4

ineffectual, the appeal should be dismissed."[4] We do not decide moot cases because the role of our Court is not to give advisory opinions.[5]

But like many rules, there are exceptions that allow us to decide a case even if the controversy is moot. Unfortunately for Riffe, this case satisfies none of these exceptions.

One such example of a mootness exception is the collateral-consequences exception.[6] Typically this exception is invoked in a criminal case where the criminal punishment may have already been served but there are enduring consequences for the conviction, like the loss of civil rights as a result of the conviction.[7] This continual loss of a right, for example the right to vote for those over 18, keeps the appellant's claim justiciable and brings it outside of the mootness doctrine. Riffe does not suffer any collateral consequences to his license suspension. He was acquitted on the DUI charge and does not continue to suffer any consequences related to the license suspension.

A second exception to the mootness doctrine involves voluntary cessation.[8] Voluntary cessation draws a mootness exception because it would allow parties to the litigation to manipulate the appellate system. For example, the aggrieved party could cease the activity in dispute, have the appeal dismissed, and then freely return to the disputed behavior. Riffe's claim that

---

[4] *Id. (quoting Louisville Transit Company v. Department of Motor Transportation,* 286 S.W. 536, 538 (Ky. 1956)).

[5] *Id.* (citations omitted).

[6] *Id.* at 99.

[7] *Id.*

[8] *Id. (citing United States v. W.T. Grant Company,* 345 U.S. 629 (1953)).

5

the trial court did not have jurisdiction to issue his license suspension is not the type of behavior that the voluntary-cessation doctrine envisions.

The next two exceptions were commonly confused in our jurisprudence, but this Court in *Getter* clearly distinguished the two. The two exceptions to the mootness doctrine are those cases that are "capable of repetition, yet evading review" and those that invite application of the "public interest exception." Riffe does not qualify for either exception, but we will discuss them below.

For the capable-of-repetition-yet-evading-review exception to apply, two elements must be satisfied: "the challenged action must be too short in duration to be fully litigated prior to its cessation or expiration, and (2) there must be a reasonable expectation that the same complaining party will be subjected to the same action again."[9] And while we do not believe Riffe satisfies either element, it is clear that he does not satisfy the second of the two.

The key to the second element is whether Riffe is suffering from a threat of actual injury or protected interest, or is merely speculating about future harm. Accordingly, "there must be a reasonable expectation and not merely a physical or theoretical possibility, that the complaining party would be subjected again to the same action."[10]

An example satisfying the above exception is the plaintiff newspaper companies in *Lexington Herald-Leader Company v. Meigs*.[11] In *Meigs*, the trial court denied newspapers access to individual voir dire of prospective jurors in

---

[9] *Id.* (*citing Philpot v. Patton*, 837 S.W.2d 491 (Ky. 1992)).

[10] *Corpus Juris Secundum* – 1A C.J.S. Actions § 82.

[11] *Lexington Herald-Leader Company v. Meigs*, 660 S.W.2d 658 (Ky. 1983).

a criminal death penalty case. The newspapers appealed, but before a decision could be made on the merits by this Court, voir dire had already occurred, making any ruling moot. After considering the facts of the case, we applied the capable-of-repetition-yet-evading-review exception. In doing so, we recognized that the complaining newspapers were likely to face a similar instance in the future, as it was their role to report the news, and criminal trials tend to be newsworthy, and will continue to be so in the future. Accordingly, it was reasonable to believe that the news organizations would find themselves once again in the exact same position.

The likelihood that Riffe will be subjected to the same action he complains of is quite attenuated. To accept that Riffe is under real threat of the action in dispute being repeated would require us to believe that it is more than just speculation that he will once again be arrested for DUI, be acquitted by a jury, and have a district court issue a 36-month license-suspension order more than 10 days after entry of the judgment of acquittal. Having failed to meet the second element, Riffe's controversy does not qualify for this mootness exception.

The final mootness exception recognized in the Commonwealth is the public-interest exception. The public interest exception requires three elements to be met: "(1) the question presented is of a public nature; (2) there is a need for an authoritative determination for the future guidance of public officers; and (3) there is a likelihood of future recurrence of the question."[12] Invoking

---

[12] *Id.* at 102 (citation omitted).

this exception requires the party asserting justiciability to show that "there is a need for an authoritative determination for the future guidance of public officers."[13]

At oral argument Riffe asserted that this Court should address the merits of this case because lower courts would benefit from the guidance. But the fact that lower courts would receive additional guidance is not sufficient to meet the public-interest exception. We must be careful not to construe this exception too broadly and erode the timeworn and well-established mootness doctrine.

We applied the public-interest exception in *Getter*. In doing so we explained that the disputed issue was a question "currently pertinent to a substantial number of family court proceedings and an issue about which our circuit courts addressing custody matters would benefit from guidance."[14] Aside from Riffe's assurances at oral argument that the application of KRS 189A.107(1)(a) to facts as presented in the case at hand, we have no reason to believe that it is of such a frequent occurrence or that there is such a large pending caseload of similarly situated individuals that failure to provide guidance will lead to an improper license suspension. Therefore, Riffe does not qualify for the public interest exception.

---

[13] *Id.* (*quoting In re Alfred H.H.*, 910 N.E.2d 74, 80 (Ill. 2009)).
[14] *Id.* at 103.

8

The Court ORDERS the case, being moot, is dimissed.

All sitting. All concur.

ENTERED: September 28, 2017.

CHIEF JUSTICE JOHN D. MINTON, JR.

COUNSEL FOR APPELLANT:

Fred E. Peters
Rhey Denniston Mills
Fred Peters Law Office

COUNSEL FOR APPELLEE:

Andy Beshear
Attorney General of Kentucky

Jacqueline Alexander
Kenton County Attorney

Steven Paul Stadler
Assistant Fayette County Attorney

Janet Luo
Fayette County Attorney