RENDERED:  FEBRUARY 16, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0173-MR

JAMIE R. HOUCHENS                                                  APPELLANT

APPEAL FROM WARREN CIRCUIT COURT
v.          HONORABLE JOHN R. GRISE, JUDGE
ACTION NO. 21-CR-00023

COMMONWEALTH OF KENTUCKY                                           APPELLEE

OPINION AND ORDER
DISMISSING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; ECKERLE AND KAREM, JUDGES.

ECKERLE, JUDGE:  The Trial Court voided the pretrial diversion of Appellant, Jamie R. Houchens (Houchens), after she stipulated to violating the diversion agreement's terms.  She now appeals, claiming error with two, unfavorable rulings regarding her motion for contempt.  The alleged, contemptuous behavior

concerned a warrantless arrest of Houchens by her Probation Officer and alleged, *ex parte* communications between a Probation Officer and the Circuit Court.

Houchens's motion asked the Circuit Court for an advisory opinion. When arguing her motion, Houchens noted that her motion was styled as one for contempt, but she was "not asking for contempt sanctions. . . . I can't even imagine what sanctions would look like." Instead, Houchens explained that her motion might not have been styled correctly, and she wanted the Circuit Court to follow the Canons of Judicial Ethics and put a stop to what she perceived were alleged *ex parte* communications. Also, she explained, "I'm not asking the Court to do anything on the arrest [issue]." She stated she was preparing a filing with the United States District Court for the Western District of Kentucky to address that issue. The Circuit Court denied the motion for contempt, and Houchens appealed.

Houchens admits the appeal is likely moot, as she stipulated to violating the terms of her pretrial diversion and cannot obtain meaningful relief. Candidly, Houchens requests us to issue an advisory opinion about these issues "providing future guidance to public officials wherein the proper application of the pretrial diversion program is addressed." Appellant's Brf. at 29.

We decline to issue an advisory opinion; instead, we dismiss the appeal.

In the federal context, "no justiciable controversy is presented when the parties . . . are asking for an advisory opinion[.]" *Flast v. Cohen*, 392 U.S. 83, 95, 88 S. Ct. 1942, 1950, 20 L. Ed. 2d 947 (1968) (footnote omitted). "And it is quite clear that 'the oldest and most consistent thread in the federal law of justiciability is that the federal courts will not give advisory opinions.'" *Id*. at 96, 88 S. Ct. at 1950 (noting in the corresponding footnote that "[t]he rule against advisory opinions was established as early as 1793, . . . and the rule has been adhered to without deviation") (citations omitted).

Kentucky's law flows similarly. We typically refrain from issuing advisory opinions on lower court rulings where the opinions would have "no effect upon any '*then* existing controversy.'" *Newkirk v. Commonwealth*, 505 S.W.3d 770, 774 (Ky. 2016). "Our courts do not function to give advisory opinions, even on important public issues, unless there is an actual case in controversy." *Philpot v. Patton*, 837 S.W.2d 491, 493 (Ky. 1992). Here, Houchens stipulated to violating her pretrial diversion, the same was voided, and she has not appealed the voiding of her diversion. Thus, any opinion by this Court about the procedural means leading to her diversion being voided will be advisory and have no effect on an existing controversy. In other words, those issues are moot.

There are some exceptions to the mootness doctrine, one of which Houchens claims is applicable: the public interest exception. The public interest

exception to the mootness doctrine requires a showing that three elements are present: "(1) a question involving a public nature; (2) a need for an authoritative determination for the future guidance of public officers; and (3) a likelihood of future reoccurrence of the question." *Commonwealth v. Collinsworth*, 628 S.W.3d 82, 87 (Ky. 2021) (citations omitted). The first and third elements are facially met here. Voiding of pretrial diversions is an issue of a public nature. And a future reoccurrence is likely to occur, as the Circuit Court's order indicates that for two decades it has utilized similar procedures when voiding pretrial diversions.

The second element, though, is not met in this case. The Kentucky Supreme Court has cautioned that "the second element should not be disregarded." *Morgan v. Getter*, 441 S.W.3d 94, 102 (Ky. 2014). "[I]f all that was required under this exception was that the opinion could be of value to future litigants, the exception 'would be so broad as to virtually eliminate the notion of mootness.'" *Id*. (quoting *In re Alfred H.H.*, 331 Ill.Dec. 1, 910 N.E.2d 74, 81 (2009)). Thus:

> To invoke this exception . . . the party asserting justiciability must show, in addition to the public-question and likelihood-of-recurrence elements, that "there is a need for an authoritative determination for the future guidance of public officers."

*Morgan*, 441 S.W.3d at 102-03 (citations omitted).

Here, there is no such need. First, there is no need for future guidance on the substantive law of voiding pretrial diversions. *See, e.g.*, *Helms v.*

-4-

*Commonwealth*, 475 S.W.3d 637 (Ky. App. 2015) (outlining standards for voiding pretrial diversion). Houchens does not even contest that the Circuit Court properly employed the substantive law and voided her pretrial diversion. Second, there is no need for future guidance on the alleged, procedural errors. The Circuit Court noted that it has employed these allegedly improper procedures for almost two decades; yet, there is no deluge of appeals from the Warren Circuit Court regarding these procedures. Houchens's appeal, then, appears to be unique and fact-specific, and not one that presents an issue necessitating future guidance for public officials. Furthermore, given that the merits of Houchens's procedural claims are fact-specific, any future guidance from our opinion would be of limited value.

Finally, there is no need for future guidance on these issues because Houchens admits that the vehicle employed – a contempt motion – cannot grant proper relief. There were a myriad of other *potential* legal avenues of redress that Houchens could have used,[1] such as an action pursuant to 42 U.S.C.[2] §1983,[3] a

---

[1] This list is provided simply to show that other potential actions existed. We do not consider the merits of any such potential legal theory.

[2] United States Code.

[3] Perhaps this statute underlays the Federal Court action Houchens told the Circuit Court that she was preparing to file.

writ of habeas corpus,[4] a declaratory rights action,[5] a grievance against the probation officer,[6] a writ of mandamus or prohibition against the Circuit Court Judge,[7] or a motion for disqualification of the Circuit Court Judge.[8]  Instead, Houchens chose a motion for contempt and requested no sanctions be imposed. Even if we invoked the public interest exception to the mootness doctrine to review the claim, we would conclude that both the Circuit Court and Houchens were correct – Houchens was correct that these issues should not result in the imposition of sanctions, and the Circuit Court was correct to deny the motion.  Thus, any advisory opinion would not even produce future guidance on the alleged errors.

But we ultimately elect not to pass on the merits of this appeal. Houchens has requested an advisory opinion regarding moot issues, and she has not met the public interest exception to the mootness doctrine.  Accordingly, we DISMISS the appeal.

ALL CONCUR.

---

[4] Kentucky Revised Statutes (KRS) 419.020; Section 16 of the Kentucky Constitution.

[5] *See* KRS 418.040.

[6] 501 Kentucky Administrative Regulations 6:270, and Kentucky Corrections Policies and Procedures 27-12-06.

[7] Supreme Court Rule (SCR) 1.030(3).

[8] SCR 4.300, Canon 2, Rule 2.11; KRS 26A.015; and KRS 26A.020.  Notably, here, Houchens did orally move to disqualify the Circuit Court Judge, which was not sustained.  Houchens did not appeal this ruling in the instant appeal.

ENTERED:  February 16, 2024_ 

_Audra J Eckerle_____
JUDGE, COURT OF APPEALS


BRIEF FOR APPELLANT:                 BRIEF FOR APPELLEE:

Travis B. Lock                                  Daniel Cameron
Bowling Green, Kentucky             Attorney General of Kentucky

                                                          Joseph A. Beckett
                                                          Assistant Attorney General
                                                          Frankfort, Kentucky