**COMMONWEALTH of Kentucky, DEPARTMENT OF CORRECTIONS, Appellant,**

**v.**

**Hon. William ENGLE, III (Judge, Perry Circuit Court), et al., Appellees.**

**No. 2009–SC–000509–MR.**

Supreme Court of Kentucky.

Jan. 21, 2010.

Allison Rene Brown, Justice and Public Safety Cabinet, Office of Legal Services, Frankfort, KY, Counsel for Appellant.

William Engle, III, Judge, Perry Circuit Court, Hall of Justice, John Carl Shackelford, Perry County Attorney, Hazard, KY, Counsel for Appellee.

Brent William Flowers, Hazard, KY, Counsel for Real Party in Interest.

Opinion of the Court by Justice VENTERS.

Commonwealth of Kentucky, Department of Corrections (DOC), appeals from an order of the Court of Appeals denying its petition for a writ of prohibition seeking to prevent the enforcement of an order entered by Perry Circuit Judge William Engle, III. The order directed the agency to transport DOC inmate George Hurt from the Shelby County Detention Center to Perry County for two scheduled court appearances. The DOC contends that KRS 441.510(2) requires the sheriff of the requesting county to conduct such transports.

We conclude that KRS 441.510(2) requires the sheriff of the requesting county to transport inmates held in detention facilities in another county to court proceedings in the requesting county, and vacate the order of the Court of Appeals insofar as it otherwise holds.

### FACTUAL AND PROCEDURAL BACKGROUND

George Hurt was convicted of a Class D felony in Letcher Circuit Court on April 22, 2009. Thereafter, Hurt was remanded to the custody of DOC, which made the decision to house him in the Shelby County Detention Center pursuant to KRS 532.100(4)(a).[1]

In the meantime, Hurt was indicted in Perry County and had a criminal proceeding pending before Judge Engle in Perry Circuit Court. On June 1, 2009, Judge Engle issued an order directing DOC to transport Hurt, round-trip, from the Shelby County Detention Center to Perry County for a pretrial conference scheduled for August 12, 2009, and again for a jury trial scheduled to begin on September 8, 2009.

On June 3, 2009, DOC filed a petition for a writ of prohibition in the Court of Appeals pursuant to CR 76.36. In support of its petition, DOC argued that KRS 441.510(2) requires the Sheriff of Perry County to transport Hurt. The Perry County Attorney responded on behalf of Judge Engle. Among other things, he argued that KRS 441.510(2) was inapplicable to state inmates because KRS Chapter 441 is titled "Jails and County Prisoners."

On August 10, 2009, the Court of Appeals entered an order denying the writ. The court determined that KRS 441.510(2) was "not clearly written because it fails to take into account who is responsible for the transportation of state inmates housed in county jails or detention centers." The court instead applied KRS 196.030(1)(c), a statute which generally directs the DOC to aid and assist other governmental departments, agencies, and institutions. Based upon KRS 196.030(1)(c), the Court of Appeals determined that the DOC was required to transport Hurt and, it follows, similarly situated DOC inmates. Concluding that Judge Engle was therefore not acting erroneously, it denied the writ. This appeal followed.

### I. LEGAL STANDARD FOR WRIT ANALYSIS

A writ of prohibition may be granted if it is shown that (1) the lower court is

---

1. KRS 532.100(4)(a) provides, in relevant part "if a Class D felon is sentenced to an indeterminate term of imprisonment of five (5) years or less, he shall serve that term in a county jail in a county in which the fiscal court has agreed to house state prisoners[.]"

proceeding or is about to proceed outside of its jurisdiction and there is no remedy through an application to an intermediate court; or (2) that the lower court is acting or is about to act erroneously, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury will result if the petition is not granted. *Hoskins v. Maricle,* 150 S.W.3d 1, 10 (Ky. 2004).

## II. THE CIRCUIT COURT WAS ACTING WITHIN ITS JURISDICTION

█ DOC contends that Judge Engle was acting outside of his jurisdiction by ordering it to transport Hurt because KRS 441.510(2) requires the Perry County Sheriff to conduct this duty. We disagree. For the orderly administration of justice, a circuit court clearly has subject matter jurisdiction to order that a prisoner be brought before the court for scheduled proceedings. Thus, Judge Engle was not acting outside of the circuit court's subject matter jurisdiction in issuing the transportation order to DOC.[2]

## III. THE CIRCUIT COURT WAS ACTING ERRONEOUSLY WITH-IN ITS JURISDICTION

█ DOC argues in the alternative that if the circuit court was acting within its jurisdiction, then it was acting erroneously within its jurisdiction by ordering it to transport Hurt. We agree.

█ We begin our discussion by noting that Hurt's court dates have long since passed, and we are told that DOC conducted the transport pursuant to Judge Engle's order. Thus, in this respect, the specific transport order at issue is moot. Kentucky courts have long held that unless there is an actual case involving a present, ongoing controversy, the issues surrounding it become moot. *See,* e.g., *Commonwealth v. Hughes,* 873 S.W.2d 828 (Ky. 1994); *Philpot v. Patton,* 837 S.W.2d 491 (Ky.1992); *In Re Constitutionality of House Bill No. 222,* 262 Ky. 437, 90 S.W.2d 692 (1936). The exception to this rule is when a dispute is capable of repetition, yet evading review.

> Whether to apply the exception to the rule that a case will be dismissed when the issues are moot which we have recognized when the issues are "capable of repetition, yet evading review," involves more than just an important public question that is difficult to review. Our courts do not function to give advisory opinions, even on important public issues, unless there is an actual case in controversy. The decision whether to apply the exception to the mootness doctrine basically involves two questions: whether (1) the 'challenged action is too short in duration to be fully litigated prior to its cessation or expiration and [2] there is a reasonable expectation that the same complaining party would be subject to the same action again.' *In re Commerce Oil Co.,* 847 F.2d 291, 293 (6th Cir.1988).

*Philpot,* 837 S.W.2d at 493. Disputes involving the transportation of inmates are too short in duration to litigate prior to their expiration, and there is a reasonable expectation that the DOC will again be subject to a transportation order of this type. Accordingly, we believe the exception applies, and discuss the substantive issue of whether DOC or the sheriff of the

---

2. We construe *Hoskins'* reference to a court acting "outside of its jurisdiction" as referring to subject matter jurisdiction in contrast to personal jurisdiction. All of the instances of courts acting without jurisdiction cited in *Hoskins* are clear examples of the lack of subject matter jurisdiction. *Goldstein v. Feeley,* 299 S.W.3d 549 (Ky.2009).

requesting county is required to transport a DOC inmate held in a county detention center.

KRS 441.510(2) provides as follows:

(2) The transportation of any inmate housed in a county detention center whose court appearance is necessary in any other county shall be transported by the sheriff of the county where the trial or court proceedings are to be held.

Where no specific definition is provided for terms contained in the statute, Kentucky law instructs that "words of a statute shall be construed according to their common and approved usage.... In addition, the courts have a duty to accord statutory language its literal meaning unless to do so would lead to an absurd or wholly unreasonable result." *Holbrook v. Kentucky Unemployment Ins. Com'n*, 290 S.W.3d 81, 86 (Ky.App.2009) (quoting *Kentucky Unemployment Ins. Com'n v. Jones*, 809 S.W.2d 715, 716 (Ky.App.1991)); KRS 446.080(4). There are no specialized statutory definitions applicable to KRS 441.510(2).[3] As such, we apply the plain meaning of the language.

By using the term "any inmate," it follows that the statute refers to "all" inmates. By ordinary definition, Hurt is an inmate; he is an incarcerated convicted felon in custody of DOC. Moreover, he is housed in a county detention-center, that is, the Shelby County Detention Center. Further, his appearance was necessary in another county, Perry County, to answer for an indictment returned there.

Under the foregoing circumstances, the statute mandates that the inmate "*shall* be transported by the sheriff of the county where the trial or court proceedings are to

be held." KRS 441.510(2) (Emphasis added). "In common or ordinary parlance, and in its ordinary signification, the term 'shall' is a word of command and ... must be given a compulsory meaning." Black's Law Dictionary 1233 (5th ed. 1979). "Shall means shall." *Vandertoll v. Commonwealth*, 110 S.W.3d 789, 795–796 (Ky. 2003).

It follows that the Perry County Sheriff, and not DOC, was required to conduct the transportation. The Court of Appeals' order is vacated to the extent it otherwise holds.

We additionally note that the Perry County Attorney's argument that the statute should be construed to apply to only county prisoners and not DOC inmates because KRS Chapter 441 is entitled "Jails and County Prisoners" is without merit. KRS 446.140 states, in relevant part, that "[t]itle heads, chapter heads, section and subsection heads or titles, and explanatory notes and cross references, in the Kentucky Revised Statutes, do not constitute any part of the law[.]" It follows that the title of Chapter 441 is irrelevant to the interpretation of KRS 441.510(2).

Similarly, the Court of Appeals' reliance upon KRS 196.030(1)(c) is misplaced. KRS 196.030(1)(c) provides as follows: "[t]he department [DOC] shall, *unless otherwise provided by law*, exercise all functions of the state in relation to: ... [t]he giving of assistance to other departments, agencies, and institutions of the state and federal government when requested by performing services in conformity with this section[.]" (Emphasis added). Here, KRS 441.510(2) "otherwise provide[s] by law" that the Sheriff will transport DOC inmates housed in county

---

**3.** We note that KRS 441.005(3) defines the term "prisoner" as meaning "any person confined in jail pursuant to any code, ordinance, law, or statute of any unit of government and who is: (a) Charged with or convicted of an offense; or (b) Held for extradition or as a material witness; or (c) Confined for any other reason."

detention centers to other counties for court appearances, and thus, by its own terms, KRS 196.030(1)(c) is inapplicable. We further note that "[w]hen two statutes are in conflict, the more specific statute controls the general." *Light v. City of Louisville,* 248 S.W.3d 559, 561 (Ky.2008). Here, KRS 441.510(2) is more specific in comparison to KRS 196.030(1)(c), and thus the former prevails over the latter.

In summary, the proper party to conduct the present transport, and the transport of similarly situated DOC inmates, is the sheriff of the requesting county, not the Department of Corrections. Thus, in issuing the transportation order to DOC, Judge Engle was acting erroneously, and the Court of Appeals similarly erred in its interpretation of KRS 441.510(2).

## IV. DOC DOES NOT HAVE AN ADEQUATE REMEDY BY APPEAL OR OTHERWISE

The second prong that must be satisfied in order to qualify for a writ of prohibition is that "there exists no adequate remedy by appeal or otherwise[.]" *Hoskins,* 150 S.W.3d at 10.

The Perry County Attorney suggests that a declaratory action pursuant to KRS 418.045 is an alternative remedy to the present writ. However, the nature of the inmate transportation process dictates that there will rarely, if ever, be sufficient time between the issuance of the order and the time for transport to fully litigate the issue in a declaratory judgment action.[4]

Thus while a declaratory judgment action would otherwise be a proper device to litigate the issue, this remedy would not be "adequate" because there would be insufficient time to fully litigate the issue prior to

the time designated for transport of the inmate. Accordingly, we believe this element of *Hoskins* is met.

## V. DENIAL OF THE WRIT RESULTS IN A SUBSTANTIAL MISCARRIAGE OF JUSTICE

The final element the movant must demonstrate is that denial of the writ will result in a "great injustice and irreparable injury." *Hoskins,* 150 S.W.3d at 10. With respect to this one inmate, we cannot say that requiring DOC to conduct the single transport would result in a "great injustice and irreparable injury." However, as our predecessor Court stated in *Bender v. Eaton,* 343 S.W.2d 799 (Ky.1961):

we find that in certain special cases this Court will entertain a petition for prohibition in the absence of a showing of specific great and irreparable injury to the petitioner, provided a substantial miscarriage of justice will result if the lower court is proceeding erroneously, and correction of the error is necessary and appropriate in the interest of orderly judicial administration. It may be observed that in such a situation the court is recognizing that if it fails to act the administration of justice generally will suffer the great and irreparable injury [and that] ... a decision would be of value to the Bench and Bar of Kentucky.

*Id.* at 801–801.

Since erroneous orders, such as this one, may occur multiple times across the expanse of Kentucky's 120 trial court venues, over time the potential for "great injustice and irreparable injury" is plainly present. Forcing the DOC to transport prisoners across the state certainly would ultimately have a substantial impact on its resources,

---

4. As discussed in the previous section, that problem is well-illustrated by the present case.

and distort the legislature's budgetary considerations implicit in its statutes designating the county sheriffs to transport inmates such as Hurt. Such injuries could not be remedied. Additionally, the resolution of this controversy is important to the orderly transportation of DOC inmates housed in county detention centers, and thus the decision will be of value to the Bench and Bar of Kentucky. So, while no great injustice or irreparable injury may result because of Hurt's transport, and that particular issue is moot, we determine that a writ would have been appropriate to correct the error of the lower courts in the interest of orderly judicial administration. *Id.*

## CONCLUSION

For the foregoing reasons, the order of the Court of Appeals is vacated.

All sitting. All concur.