**STATE FARM INSURANCE COMPANY, Appellant,**

v.

**Honorable Brian C. EDWARDS, Judge, Jefferson Circuit Court, Appellee.**

and

**Mark Roden, Real Party In Interest.**

No. 2010–SC–000521–MR.

Supreme Court of Kentucky.

May 19, 2011.

---

Franklin S. Yudkin, Louisville, KY, Counsel for Appellant.

Jack Conway, Attorney General, Lisa Kathleen Lang, Assistant Attorney General, Frankfort, KY, Counsel for Appellee.

Mark Roden, Louisville, KY, Real Party in Interest.

Opinion of the Court by Justice ABRAMSON.

State Farm Insurance Company appeals from an Order of the Court of Appeals denying its petition for a writ of prohibition. State Farm seeks to prohibit Judge Brian Edwards of the Jefferson Circuit Court from referring State Farm's default judgment motion to the circuit court Master Commissioner for certain factual determinations. State Farm maintains that the trial court could make the determinations itself in the first instance and spare State Farm the $50.00 fee for the commissioner's

report. Since State Farm is frequently before the circuit court seeking default judgments, and since, according to State Farm, the Jefferson Circuit Court judges routinely refer such judgments to the commissioner, State Farm's concern may not be quite as *de minimis* as might first appear. State Farm contends that the Jefferson Circuit Court's routine practice of referring default judgments to the commissioner [1] does not comport with the role of commissioners as contemplated by the Kentucky Rules of Civil Procedure, and, further, that the Jefferson Circuit Court's alleged practice is unique among Kentucky's circuit courts and is therefore at odds with the equal protection guarantees of both the Kentucky and the United States Constitutions. Because State Farm has an adequate opportunity to assert these contentions by way of ordinary appeal, the Court of Appeals correctly denied extraordinary relief, and we therefore affirm its Order.

## *RELEVANT FACTS*

Giving rise to this appeal was an automobile accident involving Roger Fisher, a State Farm insured, and Mark Roden, the real party in interest. State Farm paid Fisher's insurance claim and then, as Fisher's subrogee, brought suit against Roden. Roden failed to respond, and on March 2, 2010, State Farm filed its motion for default judgment. Judge Edwards thereupon referred the matter to the Master Commissioner, instructing the commissioner to "examine the complaint and any exhibits tendered with the motion for judgment," and to "determin[e] whether the amount(s) set forth in the judgment is/are authorized by the tendered exhibits." In a motion accusing Judge Edwards of shirking his judicial responsibilities and illegally delegating his authority to the commissioner, State Farm moved the court to remand its commissioner reference. As support for its motion, State Farm cited *Campbell v. Campbell,* 2010 WL 391841, Ky.App. (Feb. 5, 2010) (Disc. Review Granted June 9, 2010), in which the Court of Appeals held that by ordering the parties to participate in binding arbitration a family court judge had improperly delegated his authority to the arbitrator. Noting that the court in this matter had not delegated any authority to make findings to the commissioner, but would itself make findings in light of the commissioner's report and any objections to that report asserted by the parties, Judge Edwards denied State Farm's motion.

Again relying on *Campbell* and adding a contention that the reference to the commissioner was not authorized by the Civil Rules, State Farm then petitioned the Court of Appeals for a writ prohibiting the trial court's commissioner reference. As noted, that Court denied the petition and in its brief order observed that *Campbell* is not final—this Court having accepted discretionary review—and further observed that State Farm had failed to show that it met the exacting standard for extraordinary relief.

■ Appealing now to us, State Farm reiterates its contentions that the reference to the commissioner is not authorized by the Civil Rules and amounts to an illegal delegation of the trial court's responsibilities,[2] and contends for the first

---

1. There is nothing in the record beyond the representation of State Farm's counsel with regard to the "routine" nature of the referrals. Consequently, the only referral factually before the Court is the one made by Judge Edwards in this case.

2. Although we do not reach the merits of State Farm's contentions, for, as explained below, State Farm will have an adequate opportunity by appeal, we note that its citation of the non-final *Campbell* case is improper. While CR 76.28(4)(c) now permits the citation

time that the Jefferson Circuit Court's alleged policy of referring motions for default judgment to the Master Commissioner denies the parties seeking those judgments the equal protection of the law. State Farm also attempts to rectify its failure before the Court of Appeals to bring its petition within our precedents delineating the high standard that must be met to justify the extraordinary relief of a writ. As usual, it is with those standards that our analysis begins.

### ANALYSIS

■ In *Cox v. Braden,* 266 S.W.3d 792 (Ky.2008), we emphasized that to prevent the disruption of trial court proceedings and the waste of appellate court resources occasioned by interlocutory appeals, extraordinary relief in the form of writs compelling or prohibiting some act by the trial court is limited to two narrow circumstances. Such relief may be granted, we reiterated, only

> "upon a showing that (1) the lower court is proceeding or is about to proceed outside of its jurisdiction and there is no remedy through an application to an intermediate court; or (2) that the lower court is acting or is about to act erroneously, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury will result if the petition is not granted."

*Id.* at 796 (quoting from *Hoskins v. Maricle,* 150 S.W.3d 1, 10 (Ky.2004)).

■ The "jurisdiction" referred to in the first type of case is the trial court's subject matter jurisdiction, *i.e.,* its authority to address the matter or the question before it. *Goldstein v. Feeley,* 299 S.W.3d 549 (Ky.2009). State Farm asserts, without discussion, that the trial court here is proceeding outside its jurisdiction, but clearly the court has subject matter jurisdiction over the underlying tort case and is authorized, generally, to consider references to the Master Commissioner. There is no question that the trial court is acting within its jurisdiction.

State Farm's real contention, rather, is that the trial court has misconstrued the rules governing use of the commissioner and is proceeding erroneously. This is the second type of writ case, and to prevail in that type of case State Farm must show not only that the trial court has erred or is about to err, but that the error is not subject to remedy by appeal and will result, absent the writ, in great injustice or irreparable injury.

By itself, the $50.00 fee at stake here would not satisfy the "great injustice and irreparable injury" requirement, but we have held that where a systemic error is shown, correction of which " 'is necessary and appropriate in the interest of orderly judicial administration,' " a writ may issue notwithstanding the petitioner's relatively minor personal interest. *Commonwealth, Dept. of Corrections v. Engle,* 302 S.W.3d 60, 65 (Ky.2010) (quoting from *Bender v. Eaton,* 343 S.W.2d 799, 801 (Ky.1961)). Here, State Farm asserts that Jefferson Circuit Court judges routinely refer default judgment motions to the commissioner, this case being just one of many, and it maintains that all such routine referrals violate the Civil Rules. It is doubtful whether State Farm has adequately raised a systemic error, for the only "evidence" it has referred to of the Jefferson Circuit Court's alleged policy or practice is its own

---

of unpublished appellate opinions rendered after January 1, 2003, the rule does not extend to opinions that are not final, for clearly there can be no precedential value to a holding that is still being considered. *Alexander v. Commonwealth,* 220 S.W.3d 704 (Ky.App. 2007).

"say so." Nevertheless, even assuming (a rather large assumption) that State Farm can clear the "great injustice and irreparable injury" hurdle, it is still not entitled to extraordinary relief unless relief by way of ordinary appeal is unavailable or inadequate. *Cline v. Weddle*, 250 S.W.3d 330, 335 (Ky.2008) (In the second type of writ case, "a showing of no adequate remedy by appeal is an absolute prerequisite to obtaining a writ for extraordinary relief" (citation and internal quotation marks omitted)). State Farm, however, has an adequate remedy by appeal.

To see why, we consider State Farm's claim. State Farm maintains that the reference to the commissioner in this and other Jefferson Circuit Court default judgment cases somehow violates the Civil Rules, breaches the equal protection guarantee, and imposes upon State Farm a commissioner's fee it ought not to have had to pay.[3] If ultimately State Farm's tort claim against Mr. Roden fails, then its alleged grounds for asserting that the trial court erred in making the commissioner reference and imposing the consequent fee can be raised on appeal in the normal course, along with any other assignments of error. Should State Farm prevail in the underlying case, it still would not be precluded from seeking the return of the fee, for with the final judgment the denial of State Farm's motion to remand the commissioner reference will have become a final, adverse ruling divesting State Farm of the fee, and from that ruling an appeal

would lie. *Employers' Liability Assurance Corporation v. The Home Indemnity Company*, 452 S.W.2d 620 (Ky.1970) (noting that a final judgment incorporates and renders final as of its date all the preceding interlocutory rulings); *Murty Bros. Sales, Inc. v. Preston*, 716 S.W.2d 239 (Ky. 1986) (noting that an order is final and appealable if it divests a party of a right in such a manner as to put it out of the power of the court making the order to replace the party in its original condition). Having an adequate remedy by appeal, State Farm is not entitled to extraordinary relief.

### CONCLUSION

In sum, because State Farm may obtain ordinary appellate review of its objection to the use of the Master Commissioner in this default judgment case, it is not entitled to a writ prohibiting the reference to the commissioner. We affirm, accordingly, the July 15, 2010 Order of the Court of Appeals denying that relief.

MINTON, C.J.; CUNNINGHAM, NOBLE, SCHRODER, and SCOTT, JJ., concur.

VENTERS, J., dissents by separate opinion.

VENTERS, J., Dissenting.

CR 53.02 and CR 55.01 authorize a circuit judge to refer certain matters to a commissioner. Other than post-judgment matters pertaining to a judicial sale or post-judgment matters pertaining to the

---

**3.** It makes this contention notwithstanding CR 55.01, which, providing for default judgments, states that

[i]f, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court, without a jury, shall conduct such hearings *or order such references as it*

*deems necessary and proper.* (emphasis added).

We note that under the plain language of CR 55.01 the trial judge should exercise discretion and refer default judgment motions in those instances where it is "necessary and proper." A blanket or routine policy of referring all motions for default judgment to the commissioner is not appropriate under our Civil Rules.

assets of a judgment debtor, CR 53.02(2) expressly allows such a referral only in "special cases," when the issues are complex or determining damages is difficult. CR 55.01 allows such referrals for default judgments when "it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter."

State Farm's underlying lawsuit is a simple insurance subrogation case, arising from an automobile collision. The damages are liquidated. State Farm either paid them under its policy, or it did not. The failure of the defendant to contest the claim stands as his admission of liability. This case does not present the kind of complexities that this Court had in mind when CR 53.02 and CR 55.01 were adopted. The referral of State Farm's motion to a commissioner was clearly an abuse of discretion, with or without the $50.00 fee.

A one-time judicial error and a single $50.00 fee improperly assessed is a minimal claim and I would not disagree with a decision to overlook it. But State Farm alleges, and no one denies, that referrals in similar cases are a recurring practice with a charge of $50.00 each time. The order entered to refer this case to the commissioner is a generic preprinted form, with the style of the case written in by hand, suggesting some level repetitive use without case-specific findings to indicate the grounds for such referrals. We would closely scrutinize any erroneous court practice that imposed a $5,000.00 fee. I respectfully suggest that we should look just as closely upon a practice that charges a $50.00 fee a hundred times, or a thousand times.

The majority affirmed the Court of Appeals' conclusion to deny the writ because State Farm has the remedy of appeal. Technically, I agree. State Farm can ap-

peal; however, the vast majority of default judgment motions turn out favorably to the plaintiff, so we may fairly assume that State Farm will eventually obtain judgment and then take the awkward step of appealing from a judgment in its own favor, with the fees and costs associated therewith.

Notwithstanding the adequacy of an appellate remedy, I believe the Court of Appeals should have granted the writ under the kind of "certain special case" exception, as noted in *Cabinet for Health and Family Services v. Chauvin*, 316 S.W.3d 279, 283 (Ky.2010). State Farms' allegations indicate a common practice that I believe violates our civil rules, and yet evades appellate review because of its *de minimis* effect in individual cases. I further believe the collective effect and pecuniary nature of the error casts a narrow, but negative shadow on the Court of Justice. I would reverse the Court of Appeals, or alternatively, issue a writ pursuant to § 110 of the Kentucky Constitution in exercise of our administrative responsibility over the Court of Justice, and therefore, I dissent.