RENDERED: SEPTEMBER 11, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-000656-MR

EARL MACKEY
APPELLANT

v.
APPEAL FROM FAYETTE CIRCUIT COURT
HONORABLE JOHN E. REYNOLDS, JUDGE
ACTION NO. 18-CR-00381

COMMONWEALTH OF KENTUCKY
APPELLEE

OPINION AND ORDER
DISMISSING

** ** ** ** **

BEFORE: KRAMER, LAMBERT, AND TAYLOR, JUDGES.

LAMBERT, JUDGE: Earl Mackey has appealed from the Fayette Circuit Court's April 4, 2019, order denying his renewed motion for recalculation of good time credit. We dismiss the appeal as moot.[1]

---

[1] The parties should take note that this decision is designated as an "opinion and order" and, therefore, falls under Kentucky Rules of Civil Procedure (CR) 76.38. Thus, petitions for rehearing are not authorized under CR 76.32(1)(a). However, a motion to reconsider may be filed within ten days after the entry of the opinion and order. CR 76.38(2).

In April 2018, the Fayette County grand jury indicted Mackey on two charges arising from a shoplifting incident at a Dollar General store in Lexington, Kentucky, where he had been previously trespassed, or banned from the store. He was charged with theft by unlawful taking under $500.00 pursuant to Kentucky Revised Statutes (KRS) 514.030, a Class A misdemeanor, and with first-degree fleeing or evading police (on foot) pursuant to KRS 520.095, a Class D felony. Mackey and the Commonwealth reached a plea agreement, and he pled guilty to the theft charge and an amended charge of second-degree fleeing or evading police, making that charge a misdemeanor. The circuit court accepted his plea and later sentenced Mackey to two twelve-month sentences to be served concurrently with credit for time he had served in custody. At the time of his final sentencing in November 2018, Mackey had 152 days of custody credit.

In January 2019, Mackey, through his attorney, filed a motion for recalculation of good time credit pursuant to KRS 441.127(2)(e). He had been incarcerated in the Fayette County Detention Center, where he had been informed by a correctional officer of the policy that a county inmate can only accrue good time credit once he has been convicted. He requested that the court order the detention center to award him any good time credit he had earned during the time he spent in pre-trial incarceration. While he did not request that the court order a particular amount of good time to be credited, Mackey stated he would

administratively challenge the detention center's calculation if necessary. Mackey

filed a renewed motion in March 2019 seeking the same relief. The court denied

the renewed motion on April 4, 2019, and this appeal followed.[2]

Before we may reach the merits of Mackey's appeal, we must address

his counsel's motion to withdraw her representation of him and to file a brief

pursuant to *Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400, 18 L.

Ed. 2d 493 (1967) ("[I]f counsel finds his case to be wholly frivolous, after a

conscientious examination of it, he should so advise the court and request

permission to withdraw. That request must, however, be accompanied by a brief

referring to anything in the record that might arguably support the appeal.").[3]

Counsel maintains that, because Mackey was no longer incarcerated and would

have served out his sentence by June 8, 2019, any appeal related to good time

credit is frivolous. She explained that Mackey was homeless and could not be

located by the Department of Public Advocacy. Therefore, counsel could not

discuss with Mackey whether he would agree to dismiss the appeal. We agree with

---

[2] In the notice of appeal, Mackey stated that he was appealing from the final judgment entered in November 2018 as well as from the order denying his motion related to good time credit. This Court ordered Mackey to show cause why the appeal should not be dismissed as to the final judgment as it was not timely filed. In response, Mackey moved the court to dismiss the appeal with respect to the final judgment and to permit him to proceed with his appeal of the order related to good time credit. This Court did so in an order entered July 11, 2019.

[3] On December 13, 2019, this Court passed counsel's motion to withdraw for consideration by the merits panel, ordered the *Anders* brief filed, and gave Mackey sixty days to file a *pro se* supplemental brief. Mackey did not file a supplemental brief.

counsel that the appeal has no merit. It became moot when Mackey was released and served out his twelve-month sentence, as we shall address below. Therefore, we shall grant the passed motion and permit counsel to withdraw.

In the *Anders* brief, counsel argues that the circuit court abused its discretion when it failed to hold an evidentiary hearing on whether Mackey should have been awarded good time credit for the time he spent in jail prior to the entry of the final judgment. However, counsel was "unsure what relief can be provided to Mr. Mackey at this point" as he had served out his sentence.

The Commonwealth argues that Mackey's appeal is moot because he had completed service of his sentence. Therefore, no actual controversy exists to be decided. We agree.

Kentucky courts have long recognized that "unless there is an actual case involving a present, ongoing controversy, the issues surrounding it become moot." *Commonwealth, Dep't of Corrections v. Engle*, 302 S.W.3d 60, 63 (Ky. 2010) (citations omitted).

> As our courts have long recognized, "[a] 'moot case' is one which seeks to get a judgment . . . upon some matter which, when rendered, for any reason, cannot have any practical legal effect upon a *then* existing controversy." . . . The general rule is, and has long been, that "where, pending an appeal, an event occurs which makes a determination of the question unnecessary or which would render the judgment that might be pronounced ineffectual, the appeal should be dismissed." The concern underlying this rule as to mootness is ultimately

> the role of the courts within our system of separated
> powers, a role that does not extend to the issuance of
> merely advisory opinions.

*Morgan v. Getter*, 441 S.W.3d 94, 98-99 (Ky. 2014) (citations omitted). *See also*

*Philpot v. Patton*, 837 S.W.2d 491, 493 (Ky. 1992) ("Our courts do not function to

give advisory opinions, even on important public issues, unless there is an actual

case in controversy.").

Several exceptions to the mootness rule have emerged. One applies to

situations "when a dispute is capable of repetition, yet evading review." *Engle*,

302 S.W.3d at 63. Another exception is for questions of "substantial public

interest" as explained in *Morgan*, *supra*:

> Unlike the two-element "capable of repetition"
> exception, the "public interest" exception commonly has
> three elements, all of which must be clearly shown:

> > The public interest exception allows a court
> > to consider an otherwise moot case when (1)
> > the question presented is of a public nature;
> > (2) there is a need for an authoritative
> > determination for the future guidance of
> > public officers; and (3) there is a likelihood
> > of future recurrence of the question.

441 S.W.3d at 102 (quoting *In re Alfred H.H.*, 910 N.E.2d 74, 80 (Ill. 2009)). A

third is the collateral consequences exception:

> An example of the "collateral consequences" exception is
> where a criminal sentence is expired but this does not
> render the appeal of the judgment of conviction moot
> "because there remain consequences of the conviction

(such as the loss of various civil rights) deemed sufficient to keep alive the appellant's personal stake in the outcome of the appeal."

*Calhoun v. Wood*, 516 S.W.3d 357, 360 (Ky. App. 2017) (citation omitted).

We agree with the Commonwealth that this case does not meet any of the exceptions to the mootness doctrine. There is no reasonable expectation that Mackey would be subject to the same action again, and this does not meet the public interest exception. We also hold that the collateral consequences exception would not apply because this matter had to do with good time credit, not whether Mackey was properly convicted. Furthermore, we agree with the Commonwealth's suggestion that Mackey's argument should have been raised via a declaration of rights action rather than in his criminal action. Therefore, we must dismiss Mackey's appeal as moot.

For the foregoing reasons, the passed motion to withdraw as counsel is GRANTED and the above-styled appeal is ORDERED DISMISSED this date.

ALL CONCUR.

ENTERED: Sept. 11, 2020

_____
JUDGE, COURT OF APPEALS

-6-

*ANDERS* BRIEF FOR APPELLANT:

Emily Holt Rhorer
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Ken W. Riggs
Assistant Attorney General
Frankfort, Kentucky