RENDERED: JANUARY 7, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1331-MR

ROBERT FIGA AND GAYLE FIGA                                   APPELLANTS

APPEAL FROM JEFFERSON CIRCUIT COURT
v.            HONORABLE A. C. MCKAY CHAUVIN, JUDGE
ACTION NO. 15-CI-006071

WOODS OF ST. THOMAS
HOMEOWNERS ASSOCIATION,
INC.; DAN NAFZIGER; JOYCE
WEICK; RAY DOWNS; SETH OWEN;
SHERRY HUMPHREY; AND SUSAN
STEWART                                                         APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CETRULO, LAMBERT, AND TAYLOR, JUDGES.

LAMBERT, JUDGE:  Robert and Gayle Figa (the Figas) appeal from the Jefferson

Circuit Court's orders granting summary judgment to the Woods of St. Thomas

Homeowners Association, Inc. (the Woods or HOA), and its Board of Directors.

We affirm.

In 2012, the Figas became property owners in the Woods, and in March 2015, pursuant to the HOA's amended restrictions, they sought to construct a wrought iron fence on their lot by filing an application with the HOA's architectural committee. The chairman of the committee (Ray Downs) denied the Figas' application but invited them to present their request to the full Board of Directors. The Board likewise denied the request,[1] and the Figas initiated, in December of that year, their complaint in the Jefferson Circuit Court against the HOA and its Board (collectively, the defendants or the appellees). The Figas sought equitable relief for the ability to construct the fence, asserting that the Board's action was arbitrary since the proposed fence was in conformity with the deed restrictions and was necessary to contain their pet (a requirement of the deed restrictions); they also requested attorney fees and costs. The defendants answered that the denial of the Figas' application was within their designated discretionary authority and that they should be compensated for attorney fees and costs expended in defending the lawsuit.

---

[1] The stated reason for the architectural committee's denial of the Figas' proposed fence was that, since its inception, the HOA had never allowed fencing "along the wood[s]" because of the desire "to maintain the beauty of the subdivision" and that it would be unfair to other owners whose prior applications had been denied. The full Board's subsequent denial stated similar reasons, more specifically that the Figas' lot enjoyed an unobstructed view of the woods and "any fence would impact the uninterrupted view of the woods that flows consistently behind the houses on [their] side of Wood Briar Road."

In July 2019, while the litigation continued in the circuit court, the Figas submitted another application with the HOA, and this time they were granted permission to construct their desired fence. The Figas then sought leave to file an amended complaint and attached as an exhibit an appraisal of their property in support of their claim that they suffered monetary damages. The circuit court held that motion in abeyance by agreement of the parties. Meanwhile, the defendants filed a motion for summary judgment, arguing that the issues before the circuit court were deemed moot by the Board's approval for the Figas to construct the fence. The circuit court agreed, and it entered its order granting the defendants' motion on June 18, 2020. The Figas filed a timely motion, pursuant to Kentucky Rules of Civil Procedure (CR) 59.05, 52.02, 60.01, and 60.02, for the circuit court to reconsider its ruling. The motion was denied on September 22, 2020, and the Figas filed this appeal.

We begin by stating our standard of review of an order granting a motion for summary judgment:

> Summary judgment is a device utilized by the courts to expedite litigation. *Ross v. Powell*, 206 S.W.3d 327, 330 (Ky. 2006). It is deemed to be a "delicate matter" because it "takes the case away from the trier of fact before the evidence is actually heard." *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 482 (Ky. 1991). In Kentucky, the movant must prove no genuine issue of material fact exists, and he "should not succeed unless his right to judgment is shown with such clarity that there is no room left for controversy." *Id.* The trial

court must view the evidence in favor of the non-moving party. *City of Florence v. Chipman*, 38 S.W.3d 387, 390 (Ky. 2001). The non-moving party must present "at least some affirmative evidence showing the existence of a genuine issue of material fact[.]" *Id.* On appeal, our standard of review is "whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996). Furthermore, because summary judgments do not involve fact-finding, our review is *de novo*. *Pinkston v. Audubon Area Community Services, Inc.*, 210 S.W.3d 188, 189 (Ky. App. 2006).

*Keaton v. G.C. Williams Funeral Home, Inc.*, 436 S.W.3d 538, 542 (Ky. App. 2013). *See also Western Surety Company v. City of Nicholasville*, 552 S.W.3d 101, 108 (Ky. App. 2018).

We next enunciate the standard applied to reviewing whether an issue is moot: "It has been long established that judicial power may constitutionally extend to only justiciable controversies. Therefore, an appellate court is generally without jurisdiction to reach the merits where no 'present, ongoing controversy' or case in controversy exists as the court is unable to grant meaningful relief to either party." *Cabinet for Health & Family Servs. v. Courier-Journal, Inc.*, 493 S.W.3d 375, 382 (Ky. App. 2016) (citations omitted) (quoting *Dep't of Corr. v. Engle*, 302 S.W.3d 60, 63 (Ky. 2010)).

However, as with nearly all other principles, mootness is not absolute. Instead, Kentucky courts have recognized that in instances when issues are "capable of repetition, yet evading review" or when there exists a

strong "public interest" in the substantive resolution of a matter that we may decide the merits of the case despite a party's lack of standing.

*Commonwealth v. Collinsworth*, 628 S.W.3d 82, 86 (Ky. 2021).

The Figas assert that summary judgment was improper because issues of material fact existed (namely, their claims of bad faith and misconduct by the Board members as well as the matter of damages, attorney fees, and costs, with the latter allegation addressed by their abated motion to amend the complaint).

We disagree. The circuit court found that, because the Figas sought in their complaint a court order to permit installation of their fence, and such permission has since been granted, it was without jurisdiction to rule on a matter which was no longer justiciable. *Courier-Journal*, 493 S.W.3d at 382. Nor do any of the exceptions listed in *Collinsworth*, *supra*, apply.

Although we appreciate the Figas' frustration in the lengthy road to fence construction (which included their witnessing 111 fences in the 282-residence neighborhood), they acknowledged the Board's discretionary authority to grant or deny approval when they became homeowners in the Woods. The Board's explanation that it had never granted permission to place a fence on properties bordering the woodlands was not an abuse of discretion. The record indicates that a certain amount of the four-year delay was attributable to the Figas. Most importantly, the fact that approval by the Board was granted resolved the

-5-

issue and removed it from the circuit court's ability to rule on the merits of the Figas' claim for equitable relief. *Engle*, 302 S.W.3d at 63.

Regarding damages, we agree with the circuit court that there was nothing in the record put forth by the Figas to substantiate that claim. The "appraisal" they submitted was not evidence in support of damages but mere speculation of what their property might have sold for had the fence been constructed. The Figas at no time alleged that they had attempted to sell or refinance their property during the litigation. And, although the addition of a fence could have arguably increased the value of their home, the lack of a fenced yard did not decrease the value. Therefore, the appraisal was irrelevant, and the circuit court properly declined to consider it.[2]

We lastly address the issue of attorney fees and costs. The Figas insist that the circuit court's failure to rule on whether they should be granted an award requires reversal. The appellees contend that the Figas did not properly plead this issue under CR 8.01 which states, in pertinent part, that "[a] pleading which sets forth a claim for relief . . . shall contain (a) a short and plain statement of the claim

---

[2] The order granting summary judgment did not speak to damages, but the circuit court's order concerning the Figas' post-judgment motion discussed their position on the market value of their property and concluded thusly: "There is no evidence of record, even when viewed in the light most favorable to the Figas, to support this position."

showing that the pleader is entitled to relief and (b) a demand for judgment for the

relief to which he deems himself entitled."

The Figas' claims were based in equity. The Kentucky Supreme

Court had this to say about the award of attorney fees and costs in such cases:

> However, in *Bell v. Commonwealth*, this Court determined an equitable award of attorneys' fees was inappropriate. *See* 423 S.W.3d 742, 750 (Ky. 2014).
>
> "Historically, courts ruled based on the common law, code or statutory law, and equity." *Id.* at 747. However, "[e]ventually, at least in most states, the courts of equity and law were combined . . ." *Id.* As courts are now empowered by statutory and rule-based law, "those rules are also binding. Equity practice, in general, is merged with law, or the statutory provisions. Only when there is no law or precedent does a court have the authority to exercise pure equity." *Id.* (citing *Vittitow v. Keene*, 265 Ky. 66, 95 S.W.2d 1083, 1084 (1936)). Thus, "[l]aw trumps equity." *Bell*, 423 S.W.3d at 748. Under the American rule, "attorney's fees in Kentucky are not awarded as costs to the prevailing party unless there is a statute permitting it or as a term of a contractual agreement between the parties." *Id.* While attorneys' fees are awardable as a sanction "when the very integrity of the court is in issue," *id.* at 749 (emphasis original), "trial courts may not award attorney's fees just because they think it is the right thing to do in a given case." *Id.* at 750.
>
> **Thus, we take this opportunity to clarify that, without a sound basis in contract or statute, a trial court may not award attorneys' fees. The trial court is still empowered to order a party to pay attorneys' fees as a sanction, but only when the integrity of the court is at stake**.

*Seeger v. Lanham*, 542 S.W.3d 286, 294-95 (Ky. 2018) (emphasis added).

Accordingly, the lack of a ruling on this issue did not render the judgment infirm.

The orders of the Jefferson Circuit Court are affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANTS:

Richard V. Hornung
William A. Merrifield
Louisville, Kentucky

BRIEF FOR APPELLEES:

Jason C. Vaughn
Louisville, Kentucky